GEORGE C. HEARD, plaintiff in error, vs. HOCKLEY C. McKEE, defendant in error.

[1.] Where interrogatories are substantially answered as to every material point, it is sufficient.

[2.] Where a witness is examined a second time by the same party in the same cause, to correct a mistake made in his answers to the first set of interrogatories, there is no impropriety in the witness being furnished with a copy of his previous answers, by the party or the counsel in the cause. The object in taking testimony being for the ascertainment of truth and not to entrap witnesses.

[3.] It is always incumbent on the plaintiff in error, to show affirmatively, that the decision complained of is erroneous. And when the interrogatory is not incorporated in the bill of exceptions, and the answer is legal or not, according to the question propounded, this Court will presume in favor of the judgment, that the question was asked in that form, which would authorize the answer.

[4.] It is inadmissible, for a defendant to prove the burning of his house and papers, in order to raise the presumption, that a receipt against the plaintiff's demand, was destroyed, there being no proof whatever of the existence of the receipt.

[5.] Hearsay evidence, as well as the sayings of the party are inadmissible.

[6.] The acts of a party, or his agents, are admissible, but not their declarations, unless made at the time, and explanatory of those acts.

Complaint, from Troup Superior Court, tried before Judge BULL, May Term, 1858.

This was an action by Hockley C. McKee, against George C. Heard, to recover one hundred and ninety dollars, the balance alleged to be due for a rockaway and harness, sold by plaintiff to defendant.

At the trial, but before the case was submitted to the jury, defendant's counsel moved to exclude or suppress the depositions of Joseph A. Roberts, a witness examined by commission, on the grounds:

1st. That the interrogatories were not fully answered.

2d. That the answers were made out, or given according to instructions received by the witness from plaintiff's counsel. The motion to exclude was overruled by the Court, and defendant excepted.

*Brief of evidence.    For Plaintiff.*

*Joseph A. Roberts* examined by commission, testified in substance, as follows:

1st. I know the parties.

2d. I have looked on the annexed bill of particulars and know that the articles therein specified, were sold by me as agent of Hockley C. McKee, to the defendant. The sale was made July 9th, 1853; I was clerk and agent of plaintiff at that time. The price agreed to be paid for rockaway, harness, &c., was three hundred and forty dollars, for which he was to pay cash. They were worth three hundred and forty dollars cash at that time. (The bill of particulars was the same as the one sued on.)

3d. On the morning of the sale, George C. Heard called on me, at H. C. McKee's repository, in company with George Pitts, and stated that he wanted to buy a rockaway and harness. After looking through the stock, he selected one, requesting me to put the price as low as possible, as he intended to pay cash. The price above stated, was agreed on, after which, Mr. Heard left, without paying the money. In the evening of the same day, about three o'clock, Mr. Heard sent one of Hatcher & Pitts' boys from the stable, after the article selected by him, and I delivered the carriage and harness to the boy. Shortly after, I went down to Hatcher & Pitts' stable to get the money of Mr. Heard, but found he had left, taking the rockaway and harness with him, and Mr. Pitts informed me he had said nothing to him about paying for it, but he, Pitts, supposed he had forgotten it, but that it would be all right, and that Heard would pay for it. If he did not he, Pitts, would. I saw nothing of Mr. Heard until the 10th of October following, when he came to Mr. McKee's place and bought a set of double harness, for which he paid me forty dollars cash, which was duly entered on the cash book at the time. I then mentioned about his paying for the rockaway. He said that Hatcher & Pitts would pay for it, they having money of his in their hands. He thought

they had already done so.   He seemed surprised that it was still unpaid.   I then took the bill to Hatcher & Pitts, and they informed me they had one hundred and fifty dollars of his, Heard's money, in their possession, which amount they paid over, the balance is still unpaid.   Nothing was said at the time of the purchase, of interest, as it was to be a cash transaction, and it is the rule of H. C. McKee to charge interest in all cases where the cash is not paid.   The forty dollars paid by Heard was paid for the purchase of a set of double harness, as above stated, and was a separate transaction from that in the bill of particulars.   I never heard plaintiff say that defendant had paid the account, but on the contrary, have heard him say to defendant that he had not paid it.   Heard insisting that it was paid, and saying that if I would swear it was not paid, he would pay it without suit. I replied that I would do so; he then left apparently in a great passion.

4th. In my answers to my first set of interrogatories, the word plaintiff was used by mistake as it should have been defendant, as mentioned in the latter part of my answer to the third interrogatory.

*Cross-Examined.*—1st. The plaintiff McKee was not present at the sale of the rockaway and harness, he being absent from the State.   Nothing was said to me at the time, about taking a claim on Hatcher & Pitts; Heard saying he was going to pay the money.   Hatcher & Pitts did pay me one hundred and fifty dollars on said account for Mr. Heard, in October, 1853; Mr. Heard did not pay me at the time of sale, nor has he since that time paid the balance due on said account, one hundred and ninety dollars, but the same is still unpaid.   I had no conversation with Mr. Heard on the steps of plaintiff's carriage repository, for the plain and simple reason, that there are no steps there.   I have never received from G. C. Heard but forty dollars, and this is for a set of double harness, bought subsequent to the sale of the rockaway and harness, and this was in payment for the said set

of double harness; and I never saw defendant Heard pay plaintiff McKee any money at any time. Plaintiff never said in my presence he had been paid by defendant, but did say he never had paid it. To the reading of the words, "but did say he never had paid it," defendant objected. The Court overruled the objection and defendant by his counsel excepted.

2d. That a conversation did take place in plaintiff's office, between plaintiff and Heard and myself. No one else was present at the time, as I recollect; the time was shortly before the commencement of this action. The defendant Heard asserted that he had paid for the rockaway and harness, but had not paid for the set of double harness, subsequently bought by him. Plaintiff, McKee said he had never received the money, that he was absent from this place most of the year, and I transacted his business for him, referring Mr. Heard to me. I then explained to Mr. Heard, that he was mistaken, and that it was the harness he paid for as above stated, and not the rockaway and harness, and the amount claimed was still due and unpaid, to prove which, I produced my books, which he refused to examine, swearing he had paid the account; but if I would swear to it, he would pay it without suit. To which I replied, that I would certainly swear to it, having the evidence of my books, while he was only swearing by his memory or recollection. This was all that passed, and the only time I ever saw plaintiff and defendant together.

3d. I have testified before in this case; I have seen a copy of the answers and notice the mistake in the answer to the third cross interrogatory, where the word plaintiff was written by mistake, instead of defendant. I have had no conversation with any one about this case, or my present or former answers; only, Mr. Russell handed me a copy of my answers, saying they would have to be taken again, as there was a mistake in them. I was at the time of this sale, a clerk, and authorized agent of H. C. McKee, receiving for my services

a fixed and stated sum of money, in no way depending on the amount of sales made or business done. I know the amount claimed by plaintiff, say, one hundred and ninety dollars is still due, and has never been paid by defendant. Mr. Pitts came to me with forty dollars, which he said Heard had left with him to pay for a set of double harness bought by said Heard on the 10th of October, as above stated, I informed Mr. Pitts that Heard had paid at the time for the double harness, but that he owed a balance on rockaway and harness, on which I would credit the forty dollars. Pitts said he was not authorized to pay it in that way, and so the matter ended; and the forty dollars was not received by me or the plaintiff. I never saw George Gullen offer money to the plaintiff, but plaintiff has stated to me that Gullen, came to him during my absence, and made the same proposition as Mr. Pitts did, about paying the forty dollars, plaintiff replying to Gullen that they could find no such charge as they claimed to be due, viz, forty dollars. But that he knew nothing about it, but they must wait until my return to settle it. This is all I know. I know nothing that will benefit defendant, as the money is still owing.

Plaintiff here closed his case.

### For Defendant.

*George Gullen* examined by commission, testified as follows:

1st. He knows the parties:

2d. Defendant placed in the hands of witness twenty dollars and requested him to go to the carriage repository of plaintiff, in Columbus, Georgia, and pay what the defendant owed to the plaintiff, if he owed anything at all. Witness called and enquired of Joseph A. Roberts, the partner and clerk of the plaintiff, if defendant owed anything, to which Roberts replied, that he did not; witness returned and handed the money (twenty dollars) to George I. Pitts defendant. Witness enquired of Roberts, if defendant owed plaintiff

anything. Roberts looked over the books of the repository and replied, that defendant owed plaintiff nothing. This was all that happened. This occurred about two years ago. Witness conversed alone with Roberts. Plaintiff was not there. Witness has stated all he knows that will benefit defendant.

*Cross-Examined.*—He does not recollect that anything was said to him about harness when he received the money and was sent to the repository. Witness does not recollect any conversation in his presence about harness. Witness was requested to call and pay what defendant owed, without specifying any items of indebtedness on the subject, so far as witness remembers. He did so, and has given the result above in his answers. He knows nothing more.

Answers subscribed and sworn to, 16th day of October, 1857.

*George I. Pitts* examined by commission :

1st. He knows the parties.

2d. He knows that Heard bought a rockaway and harness from McKee, which this suit was brought for, and saw Heard pay some of the purchase money, but does not recollect amount paid. It was a little over three years ago, but does not remember the month or date. He also answers, that he paid McKee one hundred and fifty dollars on this debt, on the 31st of October, 1853, and the trade was made two or three months previous. [Heard told him sometime after he had paid the one hundred and fifty dollars, that he only owed a balance of forty dollars, and he handed him that amount to pay for him, and he sent George Gullen up to pay the forty dollars, which was sent back to him, and Gullen told that all was paid, and Heard owed nothing.]

This portion from *Heard* to *nothng* was marked by plaintiff's counsel when the interrogatories were tendered to him ; the returned them to defendant's counsel saying, I object to some evidence and have marked it. When defendant's counsel came to this, plaintiff's counsel objected, saying, it was the

declarations of Heard, and claiming he could not make testimony for himself. Defendant's counsel read all within the marks as above, for the ear of the Court, and (as he understood it,) the Court ruled it out. Defendant's counsel excepted. That was about two years ago; Joseph A. Roberts was the clerk. Sometime afterwards, Roberts told him, Heard did not owe the forty dollars, but owed one hundred and ninety dollars.

3d. He has told in his former answer, all that he knows about this case.

*Cross-Examined.*—1st. He has stated all that he knows in relation to the case in his answers to the direct interrogatories.

Defendant then introduced the depositions of *Joseph A. Roberts*, first taken by plaintiff, by commission:

1st. I know the parties.

2d. I have looked on the annexed bill of particulars, and know that the articles therein specified were sold by me as agent of Hockley C. McKee to defendant. The sale was made July 9th, 1853. I was clerk and agent for plaintiff at that time. The price agreed to be paid for rockaway, harness, &c., was three hundred and forty dollars. Said articles were worth the price charged for them at that time. (The bill of particulars was the same sued on.)

3d. On the morning of the sale, George C. Heard called on me in company with George I. Pitts, and stated that he wanted to buy a rockaway and harness, and he wanted me to put them down low, as he would pay cash for them. I did so, with the expectation of receiving the cash. After the price was agreed on, Mr. Heard left, and in the evening of that day, sent for the rockaway, harness, &c. I sent it down to Pitts' stable, and in a short time afterwards, I went down to see Mr. Heard, but he had left. George I. Pitts asked, if he had not paid for the rockaway. I told him he had not. Pitts said he supposed he had forgotten it, but it was all right, that he would pay for it, but if he did not, that he

Pitts would.  I did not see Mr. Heard till the 10th of October following.  He then came and bought a set of double harness, for which he paid me forty dollars in cash, as shown by entries in my cash book, made at that time.  I mentioned then about his paying for the rockaway.  He then told me that Hatcher & Pitts would pay for it, as they had money of his in their hands, and thought they had done so already, and seemed surprised, that it was not done.  I then carried the bill to Hatcher & Pitts, and they told me they had one hundred and fifty dollars in their hands, which they paid on the 31st of October, 1853, for which I gave a receipt.  The balance is unpaid, one hundred and ninety dollars, with interest from sale.

*Cross-Examined.*—1st.  I made no agreement to take any claim on Hatcher & Pitts at the time of the sale.  They however subsequently, on the 1st day of October, 1853, did pay me one hundred and fifty dollars for George C. Heard, and for which I gave them a receipt.  George C. Heard has not paid the one hundred and ninety dollars still due, but said in October, when I saw him, that Hatcher & Pitts would pay the whole amount, which they refused to do, saying they had not that amount of his in hand.

2d.  I sold to George C. Heard on the 2d of Oct., 1853, a set of double harness, for $40 for which he paid me at that time.  Subsequently he sent, by some one, forty dollars to pay for said harness, during my absence, as I learned on my return.  He was then informed that he owed for no harness, he having paid for them at the time of the purchase.  I have never given any receipt for the one hundred and ninety dollars, it never having been paid me.

3d.  Plaintiff has stated in my presence that he has paid it.  But from the entries on my books, and of my own knowledge, I am certain it has not been paid.

Sworn to, 11th November, 1856.

Defendant next proposed to introduce *Cornelius P. Marchman and Hilliard J. Hightower,* for the purpose of proving

that the dwelling of defendant was burned down a short time previous to the bringing of this suit, and all of his papers, notes, receipts, &c. were burned up, for the purpose of accounting for not producing a receipt for the money, and moreover to have its force as a circumstance in the scale of testimony. The Court rejected the testimony, there being no evidence that there ever had been such a receipt, and defendant excepted.

Defendant closed.

In the argument of the case to the jury, plaintiff's counsel in his closing speech, was proceeding to argue a portion of the testimony of George I. Pitts, marked above, to the effect, that Heard gave to Pitts and Pitts gave to Gullen forty dollars to offer to plaintiff. Defendant's counsel objected to reading any part of the same, unless all went in evidence. Plaintiff's counsel persisted in reading that portion of the same, which testified to the act of Heard, Pitts and Gullen, which the Court permitted, remarking he had only ruled out the sayings of Heard.—[This was in effect, a motion to rule out.]

The Court had ruled out only the sayings of Heard, that " he only owed a balance of forty dollars;" that being the only part objected to, and the rest of the clause being admitted without objection on either side. Nor was the attention of the Court called to any fact accompanying these words, nor any suggestion made that they were necessary to explain any fact, or that they formed a part of the *res gestæ*. The point was raised, and the decision made on these isolated words.—[Inserted by the Judge.]

The Court among other things, charged the jury what was necessary to be done by plaintiff to make out his case, and that if he had done this, he was entitled to recover whatever balance of his account remained unpaid with costs of suit. But that if they believed from the testimony that the account had been paid by the defendant or any one else for him, they

Heard vs. McKee.

would find for the defendant, with costs of suit. The particulars of the charge are not remembered, as no specific error was complained of, and no particular part excepted to.

The jury retired, and brought in a verdict for the plaintiff, and the defendant moved a new trial.

1st. On the ground that the Court erred in overruling the exceptions to the execution and return of the interrogatories of Jos. A. Roberts, and also in overruling the motion to reject them as testimony.

2d. That the Court erred in ruling out that part of the answers of George I. Pitts marked above, and in ruling out any portion thereof.

3d. On the ground that the Court erred in permitting the acts of George I. Pitts and Gullen, to be read to the jury by plaintiff's counsel, in his concluding speech, as also the act of the defendant, at the same time excluding the declaration of the defendant, accompanying and explaining the act as set forth above.

4th. On the ground that an inadvertent error and misunderstanding occurred during the trial of said case, fatal in itself to the administration of justice in the case.

5th. On the ground that the verdict of the jury was contrary to law and to evidence, and that the Judge's charge was contrary to law.

The Court refused to make the *rule nisi* absolute, and overruled the motion for a new trial, and defendant by his counsel excepted, and assigns the same as error.

BENJ. H. BIGHAM, for plaintiff in error.

FERRELL, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The first objection in this case is, to the execution of the interrogatories of Joseph A. Roberts: and this objection

is two-fold; first on the ground that the cross interrogatories are not answered ; and, secondly, because they were executed in concert with plaintiff's counsel, and upon instructions given by him.

The first ground, we think is not supported by the facts. In the opinion of the Court, the two cross-questions propounded to the witness, were substantially answered. As to the second objection, it seems, that the witness was twice examined by commission in this case. And Mr. Russell, who it is alleged, was counsel for the plaintiff, furnished the witness with a copy of his answers to the first set of interrogatories. We see nothing wrong in this. The object in taking testimony is, to ascertain truth and not to entrap witnesses.

[2.] The next exception is, in allowing the witness Roberts to testify that plaintiff said, that Heard had not paid for the rockaway and harness. The interrogatory to which this answer was given, is not in the record. And it depends upon that, whether or not, the answer was legal; unless elicited by the question, it was not proper. It does appear from the bill of exceptions, that the witness was asked, whether or not he ever heard plaintiff say, that Heard had paid for the rockaway and harness ? In answer to this, he responded, "he never did," but on the contrary, "he had heard him say, that he had not."

Suppose the question to be, "did you ever hear plaintiff admit, that defendant had paid for the rockaway and harness; state particularly all you heard him say upon the subject?" To the question thus propounded, the reply would have been legitimate, and in the absence of the interrogatory, it is right to presume in favor of the judgment of the Court, that the answer was justified by the question. And this presumption is strengthened from the fact, that the assignment of error is not made a ground in the motion for a new trial.

[3.] Defendant proposed to prove by two witnesses to-wit:

Marchman and Hightower, that his house containing all his papers, was burnt about the time this action was brought; and this he proposed doing, by way of accounting for his failure to produce a receipt from the plaintiff. The Court very properly rejected this testimony for the reason, that Heard did not show that he ever had a receipt. All the proof leads to the contrary conclusion. A receipt was given for the $150 paid for Heard by Hatcher & Pitts; and that is proven by Roberts, the plaintiff's witness, and is no where controverted. No one ever saw or heard of any other receipt, so far at least as the record discloses. In the statements of the witnesses, and of Heard himself, that he had settled for the rockaway and harness, no reference was ever made to a receipt.

[4.] As to the sayings of Heard, that he only owed a balance of forty dollars, we are clear, that this proof was properly execluded by the Court.

[5.] We hold the Court was right in ruling out a portion of the answers of George I. Pitts. It was hearsay evidence.

[6.] The acts of Heard and of Pitts and Gullen, while acting as his agents, were properly submitted as testimony to the jury. Their declarations not connected with these acts, nor explanatory of them, should have been excluded.

As to the fourth ground in the motion for a new trial, that "an inadvertent error or misunderstanding occurred during the trial of the case, fatal in itself to the administration of justice in the case," we are unable to understand it; and counsel representing our absent brother, Bigham, has failed to enlighten us, respecting it.

We concur fully with the Circuit Judge, that the verdict in this case, is neither contrary to law or evidence, but in accordance with both.

The testimony of Roberts is corroborated by his acts, and the books of the plaintiff. The evidence on the other side, is vague, confused and contradictory. The witnesses have confounded the payment for the double harness, with a sup-

posed payment for the rockaway and harness.   When Hatch-
er & Pitts paid to plaintiff the $150 on account of Heard,
·they excused themselves for not paying the balance of the
claim, not because it was already paid, but for want of funds
of defendant's in their hands.   When was the $190 paid ?
By whom ?   No witness has supplied any satisfactory proof
upon this vital point.   We apprehend none such exists..

Judgment affirmed.