## ATLANTA, KNOXVILLE AND NORTHERN RAILWAY COMPANY *v.* STRICKLAND *et al.,* by next friend.

1. Questions as to the passage of time and the speed of trains usually involve opinions, and therefore testimony to the effect that a period was but a short time, or that in the opinion of the witness a train was running at a rate of four or five miles per hour, is competent.
2. It is not competent, for the purpose of sustaining a witness and showing that he was present and saw an occurrence, to prove that he afterwards told different persons that he was present and did witness the occurrence.
3. Except as stated in the headnote last preceding, no error is found in the rulings of the trial court.

Argued October 9, — Decided October 30, 1902.

Action for damages.   Before Judge Gober.   Pickens superior court.   July 21, 1902.

*Smith, Hammond & Smith,* for plaintiff in error.
*F. C. Tate, N. A. Morris,* and *E. P. Green,* contra.

ADAMS, J. The defendants in error, as the minor children of a deceased employee of the plaintiff in error, obtained a verdict based upon a claim of his negligent homicide. A motion for a new trial was made by the defendant company, upon the general grounds, and upon the further ground that the court below erred in certain rulings as to the admissibility of evidence, and in refusing to grant a new trial on the ground of newly discovered evidence which it is claimed shows that the principal witness for the plaintiff below was guilty of perjury in testifying that he was present at the time of the homicide and witnessed it.

The error that we find in the rulings of the court below, and which is covered by several grounds of the motion for a new trial, is the admission of testimony by this witness and by others in corroboration of him, that on the day after the occurrence he said that he was present and saw the homicide. This was admitted because the railroad company had claimed, and had endeavored to show, that the witness was not present, but had manufactured his testimony. We do not think that a witness can be "bolstered up" in this way. The error seems to us to have been material, because we can readily conceive how such testimony would probably have a strong influence upon the minds of the jury in passing upon the credibility of the witness. We know of no authority which sustains this ruling. We think the principle of the decision of this court in the case of *Middleton* v. *State,* 52 *Ga.* 530, is against it. In that case, in order to sustain an accomplice, the State was permitted to show that immediately after his arrest, which was soon after the murder, he gave substantially the same account of the homicide that he had given on the stand. This was held to be illegal testimony. It would, we think, be unfortunate to permit testimony of this character. A designing and unscrupulous witness might, in anticipation of a trial, mention to different credible witnesses that he was present and saw an occurrence, and these witnesses, in the event that the other side took the position that the account was untrue or fabricated, might be sworn in corroboration, and much time be consumed in the investigation of a purely collateral issue. It might be that the witness would claim that a number of parties were present, and these parties might disagree

among themselves, and a large part of valuable time be consumed in determining what a witness said out of court and not under oath. If the defendant company had claimed that the witness had stated after the homicide, at a particular time and place and in the hearing of various parties, that he was not present at the time of the homicide, it would, of course, be perfectly competent to meet that testimony by proof that the witness had, on the contrary, claimed at this time and place that he was present, and that other parties had heard him so assert. No reason of this character, however, appears in the record for the entertainment of this testimony. In view of the evidence in its entirety, we think the error noticed was sufficiently material to require the grant of a new trial in this case; and the judgment of the court below is accordingly

*Reversed. All the Justices concurring, except Lumpkin, P. J., absent.*