### FULLER *v.* THE STATE.

No. 14532. JUNE 12, 1943.

*M. F. Adams* and *C. A. Giles,* for plaintiff in error.

*T. Grady Head,* attorney-general, *C. S. Baldwin Jr.,* solicitor-general, and *L. C. Groves,* assistant attorney-general, contra.

GRICE, Justice. Ernest Fuller was convicted of murder, and to the overruling of his motion for new trial he excepted. The theory of the State was that he planned the killing of Harris Jones in order to rob him. The evidence introduced in behalf of the prosecution, although circumstantial, tended to prove the guilt of the accused, while the statement of the prisoner, and testimony offered by him, if either were accepted by the jury, were sufficient to have established his innocence.

■ Ground 4 of the motion complains that the court refused, on motion, to declare a mistrial because the solicitor-general in his opening statement to the jury said: "On March 1, 1941, he was sentenced from one to four years for the robbery of another drunk man under similar circumstances where he beat him up pretty badly. I will show where he got a new trial and pleaded guilty on March 17, 1942. I will show that the robbery was very similar to this one, and that he took another drunk man by the name of Hubert Hawkins and beat him up and robbed him, which was the same offense; and shortly, in less than a year from then, this man was killed." Ground 7 is based on the admission in evidence, over objection, of an indictment against Fuller for robbery committed on the person of Hubert Hawkins, and his plea of guilty therein, the grounds of objection being that the evidence showed indictment and conviction of an offense entirely distinct from the offense for which the defendant was being tried and had no connection with it; that said evidence put the defendant's character in issue when he had not himself put his character in issue; and that said evidence was irrelevant and immaterial. Grounds 8 and 9 presented like objections. There is no merit in these grounds. A similar contention was dealt with by this court in the recent case of *Andrews* v. *State,* 196 *Ga.* 84 (4) (26 S. E. 2d, 263), and it is unnecessary to add to the discussion there given, or to make further reference to the authorities sustaining the applicable principle. Mrs. Elsie Simmons was indicted jointly with the accused. She was in the truck with him when Harris Jones met his death. She was in a car with him when Hubert Hawkins was beaten and robbed. The evidence before us justified the jury in believing that Jones was beaten and robbed. Both Hawkins and Jones were drunk at the time. The same woman companion was with the accused on both occasions. Both robberies were at night; in each

case her little boy was with her. On both occasions the motor vehicles were traveling "on the road." Both victims were drunk, and according to the State's evidence, the force used was by beating. The beating and robbery of Hawkins was on March 2, 1941; the killing of Jones occurred on July 18, 1942.

■ Ground 5 is as follows: "Because the following material evidence was illegally admitted to the jury by the court, over the objection of movant, to wit, the testimony of Marion Rogers, as follows: 'At the same time I had my money out, Mr. Jones pulled his money out and asked me to give him change for $10.00 and I gave him two fives for ten.' Movant objected to the admission of said evidence at the time it was offered, and did then and there urge the following grounds of objection, to wit: that it did not appear that the transaction about which witness was testifying did occur in the presence of defendant, which objection the court then and there overruled." This presents no sufficient reason for the grant of a new trial. It was, if for no other reason, admissible to show that Jones had money on his person, this being one link in a chain of circumstances relied on by the State. A reference to the testimony of the witness Rogers contained in the brief of evidence shows that the time he had reference to was the afternoon of the night before the deceased met his death. The evidence may not have had much probative value; but if any at all, it was proper to let the jury consider it.

■ Grounds 6 and 10 may properly be considered together. The first of these two (6) complains of the admission in evidence, over the objection of the accused, of certain testimony of Rogers, given in answer to the question, "Did Mr. Wilson have anything to say to you and Mr. Jones that afternoon?" The witness was allowed to answer: "I do not know about Mr. Jones, but he told me that Fuller had told two fellows that I had about seventy or seventy-five dollars, and that he was going to have it before the sun went down." The objection was on the ground that this evidence was entirely irrelevant and immaterial, and that the statement was not shown to have been made to or in the presence of either the defendant or the deceased. The second (ground 10) was as follows: Because the court illegally admitted to the jury, over the objection of movant, the following testimony of Wat Jones, offered in rebuttal: "While my brother was in the undertaking parlor, the next day

after he was killed, Thompson, who testified in this case yesterday, came to me and told me the same thing that he testified. He did report that Fuller tried to get him to rob my brother." Effort had been made by the defendant to disprove the testimony of Thompson, and this was offered by the State to corroborate his testimony. Movant objected to the admission of such evidence, on the ground that it was incompetent to corroborate a witness by proving that on other occasions he had made statements consistent with the testimony given on the trial.

With regard to the question whether there is merit in one of the reasons urged in ground 6, that the evidence was irrelevant and immaterial, the objection to the evidence must nevertheless be upheld, for the reason that it refers to what the deceased was to do to the witness's money and not to that of Jones. As to ground 10, the recital is that the testimony was offered to corroborate the testimony of Thompson, an effort having been made by the accused to discredit Thompson's testimony. The objection in the motion that it is incompetent to corroborate a witness in this way is also sound. *Atlanta, Knoxville & Northern Railway Co.* v. *Strickland,* 116 *Ga.* 439 (42 S. E. 864). Each of the grounds complains of the admission of testimony by a witness of statements made by a third person out of the presence of the accused. In each instance the evidence was hearsay. "Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. The very nature of the evidence shows its weakness, and it is admitted only in specified cases from necessity." Code, § 38-301. It is generally inadmissible. *Reinhart* v. *Miller,* 22 *Ga.* 402 (9) (68 Am. D. 506); *Heard* v. *McKee,* 26 *Ga.* 332 (5); *Carter* v. *State,* 56 *Ga.* 463 (7); *Robinson* v. *Alexander,* 65 *Ga.* 406 (3); *Cothran* v. *Forsyth,* 68 *Ga.* 560. It did not come within any of the exceptions recognized by the Code. It was as to a vital issue in the case, was harmful and prejudicial, and on account of its admission a new trial must be granted.

Since because of the errors above pointed out the judgment must be reversed and a new trial granted, the general grounds will not be passed on. *Judgment reversed. All the Justices concur.*