### 45686. SEABOARD COAST LINE RAILROAD COMPANY et al. v. DUNCAN.

ARGUED OCTOBER 1, 1970—DECIDED FEBRUARY 26, 1971—
REHEARING DENIED MARCH 19, 1971.

*Larry E. Pedrick, Wilson G. Pedrick,* for appellants.

*Leon A. Wilson, II, Benjamin Smith, Jr.,* for appellee.

BELL, Chief Judge. 1. Defendants' counsel cross examined the plaintiff on the contents of portions of her pre-trial statement made to the defendants' claim agent. The cross examination generally took the form of counsel's quoting the question asked by the claim agent, plaintiff's answer, and then asking if it was a correct statement. Plaintiff in the main answered affirmatively. On redirect examination, the plaintiff was allowed, over objection, to relate the content of other parts of her statement to the claim agent. The objection made was that this evidence was inadmissi-

ble as it was a self-serving declaration. It is apparent from the record that the trial court overruled the objection on the basis that when an admission has been received in evidence it shall be the right of the other party to have the whole admission and all the conversation connected with it admitted. In this ruling, the trial court erred. See *Code* § 38-410. An admission is an out-of-court statement which is inconsistent with the contention of the party. An admission is positive or substantive proof of the facts asserted. *Faulkner v. Brown,* 92 Ga. App. 602 (89 SE2d 583); Green, Georgia Law of Evidence 519, § 233. The matters brought out on this cross examination were consistent with plaintiff's in-court testimony and consequently cannot be construed as an admission. It is permissible by cross examination to test the memory of the witness on the content of her statement. The content of the statement brought out on cross examination was a matter that was admitted only for the purpose of affecting the credibility of the testimony of the witness. It cannot be said that it was admitted in evidence as substantive proof of the facts contained in the statement. Thus it was error for the court to allow plaintiff on redirect examination to relate other portions of her pre-trial statement to the claim agent, as *Code* § 38-410 is not applicable. Was this error so harmful to defendants as to require a reversal? The erroneous admission of evidence over objection will not require reversal if it appears that the evidence could not have affected the verdict rendered. *White v. Knapp,* 31 Ga. App. 344 (a) (120 SE 796). A witness may not be bolstered or corroborated by proof that her testimony at trial is consistent with what she told someone in an out-of-court statement. *Atlanta, K. & N. R. Co. v. Strickland,* 116 Ga. 439 (42 SE 864). The erroneous admission here could only have had the effect of corroborating or bolstering the plaintiff's testimony as both were entirely consistent, and, had the plaintiff been the only witness in her behalf as to the evidential matters contained in this issue, a more difficult question would have been presented. However, her testimony in this respect was corroborated by the testimony of two other passengers in the automobile at the time of the collision. For this reason, it does not appear that the inadmissible evidence could have affected the verdict. The error was harmless.

2. The deceased in this case was 12 years of age at. the time of her death. The Carlisle Mortality Table was admitted in evidence and revealed that at age 21 she would have had a life expectancy of 40.75 years. The plaintiff, her mother, testified that she had performed services around the home in an efficient manner; was an obedient person of average intelligence; and a determined individual. In his argument to the jury plaintiff's counsel used a blackboard upon which he placed figures depicting that after reaching the age of 21 and during her life expectancy of 40.75 years, the deceased could reasonably have been expected to produce the equivalent of a stated sum of money by the application of a formula of $1.65 per hour, the U. S. Minimum Hourly Wage, for a 40-hour week, 50 weeks per year, for a total of $134,475. This argument was objected to by defendants on the grounds that there was no evidence in the record to support this calculation. The objection was overruled. In an action to recover for the wrongful death of a minor child, the measure of damages "is the full value of the life" of the child as found by the enlightened conscience of the jury. *Code* §§ 105-1307, 105-1308; *Royal Crown Bottling Co. v. Bell,* 100 Ga. App. 438, 440 (111 SE2d 734). In cases of infants of tender years, it is impossible to give exact evidence of pecuniary value of the probable loss and the question of damages of the loss is left to sound judgment, experience and conscience of the jury without any exact proof thereof. *Collins v. McPherson,* 91 Ga. App. 347, 348 (85 SE2d 552). The enlightened conscience of a jury means also its informed conscience. *Henry Grady Hotel Corp. v. Watts,* 119 Ga. App. 251, 258 (167 SE2d 205). An attorney may not argue facts that are not in evidence, but he may argue deductions from the evidence. *Miller v. Coleman,* 213 Ga. 125, 130 (97 SE2d 313); *Hardwick v. Price,* 114 Ga. App. 817 (152 SE2d 905). The argument made was pointed at only one segment of the life of the deceased had she lived, those years in which she would be most economically productive. To hold that under the circumstances of this case it is improper for plaintiff's lawyer to suggest to the jury by way of tangible argument that a child may probably earn a bare minimal amount of money during her majority, which is only a part of a full life, would place an unreasonable restraint upon counsel in the furtherance of advocat-

ing the cause of his client in a wrongful death suit involving a minor. The law is not so restrictive. The argument was not improper advocacy as it was nothing more than the inference counsel drew from the evidence of the life expectancy and the testimony of plaintiff and was not so unwarranted by the evidence as to constitute an unreasonable deduction. Compare the arguments in *Hardwick v. Price,* 114 Ga. App. 817 (2), supra, and *Wright v. Dilbeck,* 122 Ga. App. 214 (8) (176 SE2d 715). In *Hardwick* we held it not to be error to argue an arbitrary hourly worth of plaintiff's pain and suffering. In *Wright* it was not error to allow plaintiff's counsel to argue figures on a blackboard regarding the dollar figure of services rendered by a deceased wife. Division 4 of the case of *Thomas v. Barnett,* 107 Ga. App. 717 (131 SE2d 818) does not conflict with our holding here. In that case, a suit for personal injuries inflicted upon a minor, there was no evidence from which any reasonable deduction could be made in argument that the plaintiff there would earn any amount during adulthood as compensation for loss of earning capacity.

3. The jury was charged that "the maintaining of freight cars on sidetracks so as to obstruct the view of persons entering the crossing, if you find this to be true, may be considered by the jury as a separate act of negligence contributing to the injury in addition to any other acts of negligence which you find to exist." Exception was taken on the ground that it in effect advises the jury that the maintaining of the freight cars obstructing the view constitutes an act of negligence, viz., negligence per se. The charge is not subject to this criticism. All the charge did was to invite to the attention of the jury that if they found it to be true that the freight cars obstructed the view of persons entering the crossing, they could then consider whether this constituted a lack of ordinary diligence in addition to any other acts of negligence they found to exist. When this instruction is considered with the other portions of the charge, particularly where the court instructed on the definition of negligence and informed the jury that the question of negligence was a matter for them to determine, it cannot be said that this charge misled the jury.

4. Exception was taken to the following charge: "The railroad company is under the duty to exercise ordinary care in having

immediate and proper control of the train to avoid doing injury to persons and property, and it is a question for you to determine whether the railroad was negligent in this respect." The exception to this charge was "that this is not the law, that the court does not have the right and is not authorized to instruct the jury that a railroad must have its train under immediate and proper control to avoid injury." The cases of *Louisville & N. R. Co. v. Rogers,* 136 Ga. 674 (71 SE 1102) and *Atlantic C. L. R. Co. v. Bradshaw,* 34 Ga. App. 360 (129 SE 304) are cited by defendants in support of their contention. The excerpt here does not by any reasonable construction place upon the defendants any duty other than the duty of ordinary care and leaves the question as to whether there was a breach of that duty to the jury. It does not place an "absolute duty" upon the railroad as was the situation in *Bradshaw* nor does it impress on the jury that the ordinary care which would exonerate defendants is that degree of care which would prevent the injury as was the erroneous charge in the *Rogers* case. On appeal, defendants urge an additional ground of objection to this charge not raised at trial. Review of a charge enumerated as error is strictly limited to the ground of objection stated at the trial. *Palmer v. Stevens,* 115 Ga. App. 398 (14) (154 SE2d 803).

5. The failure of the trial court to instruct the jury that it should reduce any findings of loss of future earnings to its present cash value was not erroneous. *Collins v. McPherson,* 91 Ga. App. 347, 352, supra; *Thomas v. Barnett,* 107 Ga. App. 717, supra.

6. The amount of the verdict, $80,000, is attacked as being so grossly excessive as to indicate bias and prejudice. "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." *Code* § 105-2015. There is no evidence here to justify the inference of gross mistake or undue bias and we may not set aside the verdict as being excessive. *Yale & Towne, Inc. v. Sharpe,* 118 Ga. App. 480 (6c) (164 SE2d 318).

*Judgment affirmed. Quillian and Whitman, JJ., concur.*