### 31293. JENKINS v. THE STATE.

HALL, Justice.

1. Jenkins' argument that the evidence did not support the verdict of guilty of armed robbery in this case, because of claimed deficiencies in the eyewitnesses' identification of him, is without merit in light of his complete confession from the witness stand of his participation in the crime. This confession provides more than sufficient evidence to convict. See *Proctor v. State,* 235 Ga. 720 (221 SE2d 556) (1975). Cf. Code Ann. § 38-114.

2. Trial on August 5-6, 1975, for an armed robbery committed on February 8, 1975, does not constitute denial of a speedy trial. Jenkins asserts that during this six months the alleged owner of the gun used in the robbery — a woman not otherwise involved in the actual perpetration of the crime — left the jurisdiction and could not be subpoenaed for trial. It is by no means clear that her testimony could have been helpful to Jenkins on the issue of his guilt, though it might have contradicted Hill, his co-defendant, who tried to cast all the blame onto Jenkins and deny his own guilt.

A delay of six months only, where there was no showing of improper behavior by the state and no comprehensible claim of prejudice to Jenkins from the delay, does not constitute a violation of Jenkins' constitutional right to a speedy trial. *State v. Weeks,* 136 Ga. App. 637 (222 SE2d 117) (1975). See *Harris v. Hopper,* 236 Ga. 389 (224 SE2d 1) (1976).

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 8, 1976.

*Gatlin & Friedman, Stanley H. Friedman,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Robert M. Hicks, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.