## 41943. CUZZORT v. THE STATE.
(334 SE2d 661)

GREGORY, Justice.

Cuzzort was convicted in Dade Superior Court of the crime of aggravated sodomy committed against his 12-year-old daughter. His conviction was affirmed by the Court of Appeals. *Cuzzort v. State,* 173 Ga. App. 157 (325 SE2d 826) (1984). We granted certiorari to consider Division 2 of the opinion which upheld the admission into evidence of an out-of-court statement of the daughter over a hearsay objection. We affirm.

For a complete statement of the facts reference is made to the Court of Appeals' opinion. For our purposes it is sufficient to recite that the mother testified during the trial that the child told her on an occasion near in time to the alleged offense that ". . . Clines was taking her to the bedroom of a night when I was at work." The clear implication of this statement was that the alleged sodomy occurred on such an occasion. The child also took the stand during the trial and testified that her father committed the alleged acts. She was thoroughly cross-examined.

We view the case as follows: The question for the fact finder was whether the father committed aggravated sodomy against the daughter. The daughter testified in court under oath subject to cross-examination that he did. The mother testified in court under oath subject to cross-examination that the daughter, out of court not under oath nor subject to cross-examination, told her that he did. The admissibility of the daughter's out-of-court statement is governed by our opinion in *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982). That case dealt with a prior inconsistent statement made by an in-court witness and we held the prior inconsistent statement was not limited in value to impeachment but was substantive evidence of the matter asserted. Here there is no inconsistency between the testimony of the daughter at trial and her prior statement. Impeachment is not involved. Nonetheless the principle we laid down in *Gibbons* applies. The veracity of the daughter is in issue on the question whether her father sodomized her. In her out-of-court statement she said he did and at the trial she testified he did. At trial she was under oath and subject to cross-examination about her testimony and about her out-of-court statement. The concerns of the rule against hearsay are satisfied.

*Judgment affirmed. All the Justices concur, except Hill, C. J.,*

*and Bell, J., who concur specially, and Smith, J., who dissents.*

HILL, Chief Justice, concurring specially.

I concur in the judgment because, in my view, the admission of this hearsay evidence was harmless error. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

BELL, Justice, concurring specially.

I concur in the opinion and judgment of the court. I write separately to emphasize that in this case the witness' out-of-court statement rebutted the defense counsel's questioning concerning the possibility of recent fabrication and improper influence. As I read the majority opinion, it sanctions the admission of prior out-of-court consistent statements only if the in-court witness' veracity has first been expressly or impliedly placed in issue. See generally McCormick on Evidence, § 251 (2d ed.) (West 1972 & 1978 Pocket Part).

In addition, I note that if my interpretation is correct, the rule established by the majority opinion of this court is consistent with the Federal Rules of Evidence, which provide that a "statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or nature . . . ." Fed. R. Evid. 801 (d) (1) (B).

SMITH, Justice, dissenting.

Both the "good" and the "bad" among us describe, report, and fall victim to crimes. For this reason, and for reasons to follow, I respectfully dissent.

Mr. Jones accuses Mr. White of stealing $100 from his jacket at a party. Mr. Jones punches Mr. White. Mr. Jones tells Fred, Jake, Ralph, James, Maggie, and Bill that he hit Mr. White because Mr. White stole $100 from his jacket at the party. Does this tell us that Mr. White stole the money, or that Mr. Jones simply dislikes him? The statements are relevant only to Jones' consistency, not to White's guilt or innocence.

Mr. White is indicted and brought to trial for the theft of $100. At trial, Fred, Jake, Ralph, James, Maggie, and Bill testify for the prosecution that Mr. Jones told them that he hit Mr. White because Mr. White stole $100 from him. Mr. Jones testifies that he hit Mr. White because Mr. White stole his money. Under this opinion the testimony of Mr. Jones' friends would be allowed not only as evidence that Mr. Jones said he hit Mr. White or that he did in fact hit Mr. White. It would also be introduced as substantive evidence that Mr. White stole $100 from Mr. Jones.

Let us observe the benefits of this treatment of prior consistent statements under the logic of *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982). First and foremost, this court in *Gibbons* sought to allow a jury to discover the truth by presenting two sides of one story: a witness' testimony "closer in time to the event in question, when memories are fresher," *Gibbons,* supra at 863, as *opposed* to his testimony at trial, when the jury has the opportunity to observe his demeanor. Here, where the jury will be presented testimony at trial in *concordance* with statements made "closer in time to the event in question," the jury will not choose between the statements. It will only decide whether the person making the original statement here, Mr. Jones, is a profligate liar, or simply a big talker. The "truth-seeking function" is not furthered by such a rule.

Next, under "salutary effect (a)" of *Gibbons,* this court noted that the rule in *Gibbons* would protect "both the state and the defense" to a degree from "the erratic or unpredictable witness." 248 Ga. at 864. Here, there is no "erratic or unpredictable witness." This reason for the introduction of prior statements does not exist in this case. *Cuzzort* will have no salutary effect in this manner.

Thirdly, this court recognized in "salutary effect (b)" of *Gibbons,* that the rule in *Gibbons* would discourage "efforts to influence the testimony of a witness, as the prior declaration is no longer *effectively* revocable at the will of the witness." Id. (Emphasis in original.) Here, there is absolutely *no* revocation. This reason for the introduction of prior statements does not exist in this case. *Cuzzort* will have no salutary effect in this manner.

Finally, "salutary effect (c)" of *Gibbons* consisted of the protection of witnesses "from improper attempts to influence testimony — the potential gain from that impropriety being diminished substantially by the adoption of this rule." Id. This effect, as well, is utterly lacking in this case. In fact, unscrupulous parties will actually be *encouraged* to attempt to influence witnesses to change their testimony to *avoid* a double dose of unfavorable testimony and to even the scales. *Cuzzort* could have a detrimental, rather than a salutary effect here.

As the effects of the *Gibbons* rule on prior *consistent,* rather than *inconsistent,* testimony will be harmful where any effect will be had at all, we should not conjure up the rule here.

Furthermore, we have consistently held, prior to this case, that "[a] witness may not be bolstered or corroborated by proof that her testimony at trial is consistent with what she told someone in an out-of-court statement. *Atlanta K. & N. R. Co. v. Strickland,* 116 Ga. 439 (42 SE 864)." *Seaboard Coast Line R. Co. v. Duncan,* 123 Ga. App. 479, 480 (181 SE2d 535) (1971); *Fuller v. State,* 196 Ga. 237 (26 SE2d 281) (1943). While *Gibbons* had no bearing on this rule whatsoever,

this case overrules, or at least emasculates, the rule. We should not so readily tread on established law.

DECIDED OCTOBER 1, 1985.

*Hatcher, Johnson & Meaney, James A. Meaney III,* for appellant.
*David L. Lomenick, Jr., District Attorney,* for appellee.