## 42815. LUMPKIN v. THE STATE.
### (338 SE2d 431)

WELTNER, Justice.

Gregory Lumpkin was indicted along with five others for the murder of Rebecca Heath, the wife of co-indictee Larry Heath. The victim's body was found in her car, where she had died of gunshot wounds to the head. Lumpkin and co-defendant Owens were found guilty of murder and sentenced to life imprisonment.[1]

This appeal consists of five enumerations of error.

1. Lumpkin alleges that the trial court improperly excused certain veniremen prior to his trial. Approximately 38 persons were excused by the secretary of the chief judge when they presented excuses over the telephone. Lumpkin contends that this failed to conform to the requirements of OCGA § 15-12-1 (a), which provides that a summoned juror may not be excused except "by the judge of the court to which he or she has been summoned or by some other person who has been duly appointed by order of the chief judge to excuse jurors. Such a person may exercise such authority only after the establishment by court order of guidelines governing excuses." The record shows that the judge's secretary was authorized to excuse only those prospective jurors who presented statutory excuses (OCGA § 15-12-1), which she did in accordance with long-standing practice within the circuit.[2] Assuming, without deciding, that the "order" specified in the statute means a formal written order signed by the chief judge and placed upon the minutes of the court, the excusal here of prospective jurors absent such a formal order affords no ground for relief.

First, the record establishes that the judge's secretary permitted excusals only upon statutory grounds. If a request did not come within the express terms of the statute, it was referred to the judge for decision. Hence, the "guidelines" of the circuit were nothing more than the statute itself, and the judge's secretary exercised no discre-

---

[1] The murder was committed on August 31, 1981. Lumpkin was convicted in April 1982. He filed a motion for a new trial, which was denied. He filed a notice of appeal on November 23, 1982. This court reversed his conviction on June 30, 1983, and remanded the case to superior court for a new trial. Rehearing was denied on July 22, 1983. He was convicted at the second trial on April 6, 1984. He filed a motion for a new trial on May 3, 1984, which was denied on August 6, 1984. The transcript was filed in superior court October 9, 1985. This appeal was docketed in this court on November 19, 1985. The case was submitted December 6, 1985.

[2] Obviously, the trial court should have established by formal court order written guidelines for the excusal of jurors. This now has been done.

tion — as, indeed, the judge might exercise no discretion — in acting on such requests.

Secondly, OCGA § 1-3-1 (c) provides: "A substantial compliance with any statutory requirement, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law." Here is a substantial compliance with the statute, lacking only in formalism. The veniremen having been excused only for statutory cause, there is no showing of harm to Lumpkin, and no error.

2. Lumpkin alleges that the trial court erred in denying a plea which he denominated *autrefois acquit*. He was not acquitted, of course, but bases his claim upon the want of a speedy trial. This court reversed Lumpkin's conviction on June 30, 1983, and ordered a new trial. *Lumpkin v. State*, 251 Ga. 313 (305 SE2d 102) (1983). We denied reconsideration on July 22, 1983, and sent down the remittitur on August 8, 1983. The trial court found that the remittitur was not filed in the clerk's office until August 22, 1983, at which time the trial court was not in session. The re-trial was not held during the succeeding November 1983 term because the state's chief witness was unavailable, but was conducted within the following term, which commenced in February 1984.

Lumpkin made a demand for a speedy trial on August 11, 1983, and asserts that he is entitled to a discharge for denial of a speedy trial because of the six months' delay between August 1983, and February 1984. He points to no other fact in support of his claim. "A delay of six months only, where there was no showing of improper behavior by the state and no comprehensible claim of prejudice to [Lumpkin] from the delay, does not constitute a violation of [Lumpkin's] constitutional right to a speedy trial." *Jenkins v. State*, 237 Ga. 493 (228 SE2d 877) (1976). See also *Buxton v. State*, 253 Ga. 137 (317 SE2d 538) (1984). There was no error.

3. Lumpkin alleges that the trial court erred in denying his motion for change of venue. He seeks to support his assertion of extensive pre-trial publicity by referring to copies of local newspaper articles, dated between 1981 and 1982, and by the fact that he had been tried and convicted previously for the same offense in the same court. He also shows that 46 out of 51 potential jurors had some knowledge of the case. This evidence, however, did not require a change of venue. See *Berryhill v. State*, 249 Ga. 442 (2) (291 SE2d 685) (1982). The pertinent inquiry is the percentage of potential jurors who were so influenced by pre-trial publicity that they were excused for prejudice — which here was less than 4%. The trial court's finding that a fair trial was possible in the county in which the crime was committed was not manifestly erroneous. *Devier v. State*, 253 Ga.

604, 609 (323 SE2d 150) (1984).

4. Lumpkin alleges that the trial court erred in permitting the district attorney to bolster the testimony of two state witnesses, Williams and Heath, both alleged co-conspirators. The district attorney asked the witness Williams, "Has what you told us here today changed any from what you've said in the past about this case?" In response, Williams stated that his testimony was consistent with his prior statements. (Because there was no objection to similar questions and answers in Heath's testimony, we do not address the issue of bolstering as to Heath.) We stated in *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), that a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence. In *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), we extended the *Gibbons* rule to prior consistent statements. In *Edwards v. State*, 255 Ga. 149, 151 (335 SE2d 869) (1985), we stated that inquiry as to impermissible bolstering no longer is necessary following *Cuzzort*, supra. Williams' statements were admissible. We find no error.

5. Lumpkin contends that the trial court erred in refusing to allow him to cross-examine a state's witness (one of the alleged co-conspirators), concerning an unrelated conspiracy. The trial court found that this testimony was irrelevant to the issues in the case. The trial court did not abuse its discretion in so limiting the scope of the cross-examination. *Williams v. State*, 254 Ga. 6, 11 (326 SE2d 444) (1985).

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs specially, and Smith, J., who dissents as to Division 4 and the judgment.*

BELL, Justice, concurring specially.

I write separately to point out, with respect to Division 4 of the majority opinion, that Williams' prior consistent statement was admissible only because the appellant attempted to discredit his testimony during cross-examination, as well as during appellant's own testimony. Had appellant not questioned Williams' veracity, his prior consistent statement would have been inadmissible. *Edwards v. State*, 255 Ga. 149, 151 (2) (335 SE2d 869) (1985).

DECIDED JANUARY 17, 1986.

*Duncan, Thomasson & Acree, Marc E. Acree*, for appellant.

*Arthur E. Mallory III, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General*, for appellee.