### 75210. GRESHAM v. THE STATE.
(365 SE2d 459)

SOGNIER, Judge.

Appellant was convicted of armed robbery, assault, possession of a handgun during commission of a crime, and possession of a firearm by a convicted felon; he was also found to be a second offender, having been previously convicted of a violation of the Georgia Controlled Substances Act. On appeal, appellant enumerates two errors, both re-

lating to the allegedly erroneous admission of hearsay testimony by Officer Joel Casper. Therefore, the two enumerations will be considered together.

Casper was allowed to testify, over objection, as to what he was told by Monique Wade, a customer in the store when appellant committed the armed robbery which was the subject of this case. Appellant argues that Casper's hearsay testimony was inadmissible as substantive evidence without some indicia of reliability, or as evidence to explain conduct. These arguments are without merit.

In regard to appellant's complaint that Casper's testimony was inadmissible hearsay, Wade testified prior to Casper, and after testifying as to the events at the store, Wade testified as to what she had told Casper. His testimony as to what he was told by Wade was consistent with her testimony as to what she told Casper. Thus, his testimony was merely cumulative of testimony already before the jury. In *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), the court held: "At trial [Wade] was under oath and subject to cross-examination about her testimony and about her out-of-court statement. The concerns of the rule against hearsay are satisfied."

As to the admissibility of Casper's testimony as substantive evidence, that issue has been decided adversely to appellant. *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982); *Cuzzort*, supra. Hence there was no error in allowing Casper's testimony as to what Wade told him, and such testimony was admissible as substantive evidence. Since the testimony was admitted properly, we need not address the issue as to whether such testimony was admissible to explain Casper's conduct.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 11, 1988 —
REHEARING DENIED JANUARY 25, 1988 —

*James E. Hudson, Kenneth Kalivoda*, for appellant.
*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney*, for appellee.