## S91A1042. CARROLL v. THE STATE.

(408 SE2d 512)

CLARKE, Chief Justice.

Cliff Carroll was convicted of malice murder and sentenced to life imprisonment. We affirm.[1]

Cliff Carroll, Jerome Bacigalupo, and Bud Dailey were drinking and snorting cocaine in a trailer home on September 13, 1989. Dailey left the room to get something. Carroll and Bacigalupo began to argue. When Dailey returned, he found Carroll stabbing Bacigalupo and cutting his throat. Dailey ran out and called the police, but was unable to lead the police to the trailer. The next day the police found Bacigalupo dead of multiple stab wounds (14) and a slit throat. That day the police made a videotape of Dailey's account of the murder. The police also apprehended Carroll and made a videotape of his interview. Carroll first denied killing Bacigalupo, but later said he stabbed him in self-defense.

The videotapes were introduced over defense counsel's objection

---

[1] The crime occurred September 14, 1989. Appellant was indicted on February 14, 1990. He was convicted of murder on August 17, 1990 and sentenced to life imprisonment the same day. Appellant filed a motion for new trial on September 7, 1990; the motion was denied on February 14, 1991. The trial court entered an order granting leave to file an out-of-time appeal on April 2, 1991. The notice of appeal was filed on April 2, 1991. The case was docketed in this court April 25, 1991. The case is ripe for decision following oral argument on June 24, 1991.

at trial. Carroll's statements were introduced as part of the prosecution's case in chief. Dailey's statements were admitted as prior consistent statements after Dailey was cross-examined by the defense.

1. Carroll contends that the trial court erred in admitting certain portions of Dailey's videotaped statements under the rationale of *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). He asserts that *Cuzzort* should not apply because Dailey, as a suspect in the murder at the time the videotape was made, had a motive to fabricate his story. He argues that the statement therefore does not have sufficient indicia of reliability.

In *Cuzzort* we held that the concerns of the rule against hearsay are satisfied where the witness whose veracity is at issue is present at trial, under oath, and subject to cross-examination. When these conditions are satisfied, the prior consistent out-of-court statement of the witness is admissible. *Cuzzort*, supra; *Lumpkin v. State*, 255 Ga. 363 (338 SE2d 431) (1986); *Edwards v. State*, 255 Ga. 149 (335 SE2d 869) (1985). Any motive that Dailey may have had to fabricate his story affects the weight, not the admissibility, of the evidence.

Appellant also contends that four portions of Dailey's interview should not have been admitted because some of the matters contained were not included in direct and cross-examination and were unduly prejudicial. We find no error in the trial court's admitting the statements on either ground. Appellant cannot complain about the scope of the examination because he had the opportunity to recall Dailey to the stand to cross-examine him about any matter that was raised for the first time in the videotaped interview. Nor were the statements required to be excluded on the ground that they were unduly prejudicial. *Smith v. State*, 255 Ga. 685 (341 SE2d 451) (1986).

2. Appellant next contends that the video and audio tapes of his interview with police should have been redacted to remove certain statements by the police officers that were argumentative or that suggested that there might be more incriminating evidence than was presented at trial. Appellant argues that these were unduly prejudicial.

Where evidence is challenged on the ground that its probative value is outweighed by its tendency to unduly prejudice the jury, the trial court must exercise its discretion in determining admissibility. *Smith v. State*, supra. We find no abuse of discretion in this instance. Certainly, the relevance of defendant's own statements about the crime cannot be disputed. The trial court went through each page of a transcript of the videotaped interview before it was heard by the jury and made separate rulings regarding each statement that defendant found objectionable. The court properly required the prosecution to edit the tape to remove material that was irrelevant or that put appellant's character in issue. The court committed no error.

3. The evidence adduced at trial, when viewed in a light most favorable to the verdict, would authorize a rational trier of fact to find the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 1991.

*Albert M. Pearson III*, for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney, Michael J. Bowers, Attorney General, Thomas A. Cox, Jr.*, for appellee.