A89A0944. CHAMPION v. THE STATE.
(383 SE2d 565)

McMurray, Presiding Judge.

Defendant Joseph Michael Champion appeals his conviction of the offense of burglary. *Held*:

1. Defendant's fourth enumeration of error raises the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence at trial shows that: Witness Souther's family owned and rented several mobile homes located near her house. One of the mobile homes was rented by the victim, Johnson. On January 25, 1988, at approximately 7:30 p.m. Souther had started down her driveway when she saw a pickup truck pulling out of the driveway leading from two of the mobile homes including the one occupied by Johnson. The truck was loaded with furniture as though someone was moving and Souther was concerned as to what was going on. Souther followed the truck and memorized the tag number. After pausing to write the tag number down, Souther drove to the mobile home rented by Johnson where she found the door open and observed that several household furnishings she had noticed there previously were gone. Souther called the Sheriff's office and talked to Sergeant Lowe. Lowe proceeded to the mobile home where he found evidence of a forced entry. Souther gave the tag number she had written down to Lowe and Lowe ran a computer check on the tag number. The computer check produced the names of Colleen C. and J. Michael Champion as owners of a 1986 Toyota pickup truck, along with a Kennesaw, Georgia address. While defendant's wife resided at the Kennesaw address, information was obtained that defendant was living with a girl friend in Cartersville.

On January 30, 1986, the pickup truck was located at the Cartersville address and a surveillance established. When defendant arrived he was placed under arrest. During a subsequent search, binoculars and a cassette tape box belonging to the victim Johnson and taken in the burglary were found in defendant's pickup truck.

Defendant Champion presented a defense of alibi by his own and others' testimony. However, the jury was "not bound to accept the evidence introduced of alibi as true; the jury determines the credibility of the witnesses and weight to be given their testimony. OCGA § 24-9-80; *Armour v. State*, 154 Ga. App. 740 (270 SE2d 22) (1980)." *Bragg v. State*, 175 Ga. App. 640 (1), 642 (334 SE2d 184).

"When property alleged to be stolen is proven to be stolen property and the crime charged has been committed by someone, the recent unexplained possession of the stolen property by a defendant is a circumstance from which guilt may be inferred. From this it may be inferred that the defendant charged committed the theft proven. This being so, no further proof, circumstantial or direct, showing that the defendant committed the burglary is necessary for conviction. *Atkins v. State*, 155 Ga. App. 390, 391 (271 SE2d 35) (1980); *Rakestraw v. State*, 155 Ga. App. 563, 564, 565 (271 SE2d 696) (1980). Accord *Nash v. State*, 166 Ga. App. 533, 535 (304 SE2d 727) (1983)." *Collins v. State*, 176 Ga. App. 634, 635 (1), 636 (337 SE2d 415). Our review of the transcript reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that defendant was guilty of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Wright v. State*, 189 Ga. App. 441, 444 (2) (375 SE2d 895).

2. In his first enumeration, defendant enumerates as error the admission into evidence of the testimony of Sergeant Lowe as to the tag number of the vehicle seen by Souther at the scene of the crime. Defendant argues that the evidence was plainly hearsay and that his presence at the crime scene was established solely by hearsay evidence. This enumeration of error is without merit since any hearsay concerns were satisfied by Souther's presence at the trial and availability for cross-examination. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661).

3. Defendant's remaining enumerations of error contend the trial court erred in refusing to give his requested Charge Nos. 1 and 3. We find that the trial court did not err in refusing to give these requested charges since the charge given substantially covers the same principles of law. *Jefferson v. State*, 256 Ga. 821, 825 (5) (353 SE2d 468).

Defendant's requested Charge No. 1 was adequately covered by the trial court's inclusion of charges on burden of proof and reasonable doubt. The inclusion in the charge given of the language of OCGA § 24-4-6 adequately covered the principles set forth in defendant's requested Charge No. 3 which stated that where all the facts and circumstances of the case and all reasonable deductions therefrom, present two equal theories, one of guilt and the other of innocence, then the jury must acquit the accused. *Bearden v. State*, 163 Ga. App. 434 (3), 435 (294 SE2d 667).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MAY 17, 1989 —
REHEARING DENIED JUNE 21, 1989.

*William W. Woody*, for appellant.
*C. Andrew Fuller*, District Attorney, *C. David Turk III*, Assis-

*tant District Attorney*, for appellee.