A89A2335. JONES v. THE STATE.
(390 SE2d 623)

BANKE, Presiding Judge.

The appellant was convicted of rape and aggravated sodomy. He brings this appeal from the denial of his motion for new trial. *Held:*

1. The appellant's initial enumeration of error concerns the admissibility of certain evidence offered by the state during a *Jackson v. Denno* hearing which was being conducted to determine the admissibility of a document purporting to be his written confession. The appellant contended during the hearing that he had merely signed a blank sheet of paper which had been filled in later. To rebut this testimony, the state introduced a guilty plea previously entered by the appellant to a charge of distributing obscene materials, to which were attached as exhibits two "mash" notes written by him. This evidence was offered for the purpose of providing samples of the appellant's handwriting. The appellant contends that the evidence improperly

placed his character in issue. See generally OCGA § 24-9-20 (b). However, because it was not presented to the jury and because "the trial court, sitting as trier of fact, is presumed to ignore illegal evidence and consider only legal evidence in rendering its decision. . . ," *Wright v. State*, 186 Ga. App. 231 (1), 232 (366 SE2d 834) (1988), we hold that its admission establishes no ground for a new trial.

2. The appellant contends that the trial court erred in allowing three witnesses (consisting of the victim's boyfriend, a police officer, and the physician who had examined the victim following the incident) to reveal the content of certain out-of-court statements made to them by the victim. As the victim testified at trial and was subject to cross-examination, none of the testimony in question was subject to a hearsay objection. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). Accordingly, the appellant's objections to the testimony were properly overruled.

3. The appellant contends that the trial court erred in refusing to instruct the jury that they could find him guilty of simple battery as a lesser offense included in the crime of aggravated sodomy. The appellant admitted that he had engaged in the act of sodomy with the victim but maintained that he had done so with her consent. If so, then no battery was committed. If not, then the admitted act of sodomy was aggravated. See generally OCGA § 16-6-2 (a). It follows that no charge on simple battery was required. See *Daniel v. State*, 150 Ga. App. 798 (3) (258 SE2d 604) (1979).

4. Contrary to the appellant's assertion, a victim's failure to forcibly resist a sexual assault does not constitute consent to the encounter. *Curtis v. State*, 236 Ga. 362 (1) (223 SE2d 721) (1976). Accordingly, the evidence in this case presented no basis for a charge that "a female can consent to sex by actions while she is failing to consent by words."

5. The appellant contends that the trial court erred in allowing the physician who had examined the victim following the incident to testify as an expert. "Whether a person possesses the ' "qualification as an expert witness rests entirely in the sound discretion of the judge. . . . The decision of the judge will not usually be overturned" unless the witness actually lacks appropriate credentials or the judge has applied the wrong criteria.' [Cit.]" *Hunter v. State*, 192 Ga. App. 675, 676 (385 SE2d 764) (1989). The physician testified that she had been in the Emory OB/GYN residence program for two years, that she had examined approximately 200 sexual assault victims during that time, and that she had participated in seminars concerning the treatment of rape victims. Accordingly, the trial court did not abuse its discretion in allowing her to testify as an expert.

6. The appellant contends that the trial court erred in admitting as evidence the underwear which the victim had been wearing at the

time of the alleged incident. Pretermitting whether this evidence was relevant to any issue in the case, we hold that in the context of the other evidence in the case its admission was harmless, i.e., that it is "highly probable" the evidence did not contribute to the verdict. See generally *Minter v. State*, 258 Ga. 629 (2) (373 SE2d 359) (1988).

7. The appellant's remaining enumeration of error is directed to the court's charge concerning the right of each citizen to the protection of the law and the duty of the jurors to enforce the law. The court concluded this portion of the charge by stating: "Jurors perform their duty to society just as truly in the vindication and acquittal of one who is innocent as in the conviction of one who is guilty." We find no error. See *Lyles v. State*, 130 Ga. 294 (5) (60 SE 578) (1908). Cf. *Scott v. State*, 168 Ga. App. 631 (309 SE2d 904) (1983).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 30, 1990.

*William T. Hankins III*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, R. Stephen Roberts, Assistant District Attorneys*, for appellee.