A90A1619. ELLISON v. THE STATE.

(400 SE2d 360)

McMURRAY, Presiding Judge.

Defendant Ellison appeals his conviction of the offense of rape. *Held*:

1. Defendant contends the trial court erred in refusing to admit

evidence of the prosecutrix's prior false allegations of rape against a third person. In *Smith v. State*, 259 Ga. 135, 136 (1) (377 SE2d 158), the Supreme Court of Georgia held that, subject to a threshold determination, evidence of prior false allegations by a rape victim does not fall within the proscription of rape-shield laws and that such evidence may be admitted.

In the case sub judice, we are concerned with the application of the threshold determination. Before admitting evidence of prior false accusations the trial court, outside the presence of the jury, must determine "that a reasonable probability of falsity exists." The threshold determination is included in the procedure mandated by the Supreme Court for the express purpose of protecting the prosecutrix from "unfounded allegations that she has made [false] allegations in the past. . . ." Id. at 138.

Outside the presence of the jury, defendant offered testimony that the prosecutrix had told a friend that B. H. had raped her. The prosecutrix also testified that she had told a second friend, but had not fully identified B. H., giving only his first name to her. A friend of the prosecutrix testified that sometime after the alleged incident she was told by the prosecutrix that she had been raped by B. H. The friend stated that she was skeptical of the prosecutrix's statement since the prosecutrix continued to date B. H., including playing tennis and going out to dinner together, after the "rape." B. H. testified that he had never raped or even had consensual sexual intercourse with the prosecutrix. The State elicited evidence of an unexplained period of emotional distress during which the prosecutrix contemplated suicide and there was some confusion as to the date when the prosecutrix was allegedly raped by B. H.

The trial court determined that there was no reasonable probability that the previous allegations were false. In order to review this conclusion we must make some assumption as to the meaning of "reasonable probability." This term is taken verbatim from the Virginia case of *Clinebell v. Commonwealth*, 368 SE2d 263, 266 (1) (Va. 1988). Nonetheless, the definition of this term is well settled under Georgia law and we presume that definition was intended. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Lloyd v. State*, 258 Ga. 645, 647 (373 SE2d 1). See *Gaither v. Cannida*, 258 Ga. 557, 559 (372 SE2d 429).

In our view, the trial court abused its discretion in determining that there was no reasonable probability that the prosecutrix had made prior false allegations. The prosecutrix admitted the prior accusation (albeit she did not concede that the accusation was false) and defendant presented the testimony of an independent third party that the prior accusation was false. Defendant could hardly have

made a clearer showing. The trial court erred in excluding the defendant's evidence of prior false accusations. *Smith v. State*, 259 Ga. 135, 136 (1), supra.

2. Defendant's fourth and fifth enumerations of error complain of the admission into evidence of statements made by the prosecutrix, following the rape, to the director of a rape crisis center and to a physician. While this issue is argued in the context of the res gestae exception to the hearsay rule, we find that since the prosecutrix was present at trial and available for cross-examination, the evidence at issue was admissible as prior consistent or inconsistent statements under *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661). See also *Jones v. State*, 194 Ga. App. 356, 357 (2) (390 SE2d 623) and *Champion v. State*, 192 Ga. App. 43, 44 (2) (383 SE2d 565).

3. Defendant's remaining enumerations of error are without merit. Enumerations two and three complain of allegedly improper comments by the assistant district attorney before the jury and enumeration eight complains of a violation of the ruling in *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), but since these issues were not raised before the trial court they are waived. Also, without merit are defendant's enumerations six and seven wherein defendant complains of the trial court improperly sustaining the State's objections to defendant's attempts to elicit inadmissible hearsay evidence.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1990 —
REHEARING DENIED DECEMBER 12, 1990 — 

*Mathis, Sands, Jordan & Adams, Charles A. Mathis, Jr., Maxine Blackwell*, for appellant.

*Joseph H. Briley, District Attorney, Al Martinez, Assistant District Attorney*, for appellee.