A91A2244. GATLING v. THE STATE.
(416 SE2d 877)

COOPER, Judge.

Appellant was tried before the court and found guilty of burglary. He appeals from the denial of his motion for new trial.

The evidence adduced at trial shows that sometime between 3:00 a.m. and 4:30 a.m. one morning, Shirley Cato arrived at the parking lot of a local fish market to pick up newspapers for delivery. Cato saw two grocery bags outside a broken window in the fish market. She also saw a man inside the fish market. Cato observed the man inside the fish market for 15 to 20 minutes before she went to the police station and reported a burglary in progress. Within three minutes after the report, several officers arrived at the fish market and saw appellant walking away from the fish market with a bag in his hand. The officer stopped appellant and discovered that the bag contained fish that re-

sembled mullet. All of the officers noticed a strong odor of alcohol and fish on appellant. After reporting the burglary, Cato came back to the fish market and saw appellant sitting in the patrol car. She identified appellant as the man she saw inside the fish market. At trial, the State called a witness who testified that on the morning of the burglary at approximately 4:00 a.m. she saw two men walking toward the fish market and appellant looked like one of those men. The owner of the fish market testified that among the items missing from his market were mullet fish and cigarettes and that he did not give appellant permission to enter his market. Appellant presented an alibi defense through his own testimony and the testimony of several witnesses. Appellant admitted being in the neighborhood of the fish market around the time of the burglary but denied committing the burglary. Appellant also testified that he smelled like fish because he picked up a fish he saw on the ground.

1. Appellant contends in his first four enumerations of error that the State failed to prove guilt beyond a reasonable doubt. Appellant first argues that the conviction was not authorized because his alibi witnesses were unimpeached. The trial court, sitting as trier of fact, was " 'not bound to accept the evidence introduced of alibi as true; the [trier of fact] determines the credibility of the witnesses and weight to be given their testimony. OCGA § 24-9-80; [Cit.]' [Cit.]" *Champion v. State*, 192 Ga. App. 43 (1) (383 SE2d 565) (1989). Appellant also argues that the State failed to exclude every other reasonable hypothesis other than guilt. " 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. . . . This does not mean that the [S]tate must exclude every possible hypothesis showing innocence, but any reasonable hypothesis showing innocence. (T)he question of whether every other reasonable hypothesis has been excluded is generally a question for the [trier of fact].' [Cit.]" *Ranalli v. State*, 197 Ga. App. 360, 363 (1) (398 SE2d 420) (1990). Appellant was caught walking away from the fish market carrying a bag of fish. The owner of the fish market testified that mullet fish and other items were missing from his market and that he did not give appellant permission to enter his market. The State proved all of the essential elements of the crime of burglary, and the trial court's conclusion was supported by evidence sufficient to enable a rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his fifth and sixth enumerations of error, appellant contends the trial court erred in not suppressing the identification made by Cato. Cato testified at trial that after reporting the burglary to the police, she returned to the scene because she was curious and saw

appellant, whom she identified as the man she had seen in the fish market, in the patrol car. Appellant argues that the "show-up" identification made by Cato at the scene of the burglary was impermissibly suggestive in that appellant was seated in the back of a patrol car after being apprehended by the police. "Such on-the-scene 'show-up' identifications have been held not to be impermissibly suggestive but necessary due to the practicabilities inherent in such situations. [Cit.]" *Carter v. State*, 192 Ga. App. 726, 727 (3) (386 SE2d 389) (1989). We also find no merit to appellant's argument that there was no independent basis for Cato's in-court identification. Cato testified that she observed appellant for 15 to 20 minutes while he was inside the fish market. Thus, even if the "show-up" identification was tainted, we conclude that there was an independent basis for the in-court identification. See *Arnold v. State*, 198 Ga. App. 449 (1) (402 SE2d 69) (1991).

3. In his final enumeration of error, appellant contends the trial court erred in denying his motion for new trial. We have addressed all of appellant's arguments in Divisions 1 and 2 of this opinion.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 17, 1992.

*Dallas, Fowler & Wills, Linda C. Simms*, for appellant.
*Dennis C. Sanders, District Attorney, Robert G. Dunn, Assistant District Attorney*, for appellee.