## A07A0949. FRENCH v. THE STATE.

(655 SE2d 224)

BERNES, Judge.

A Liberty County jury convicted Eugene Dartanion French of two counts of aggravated child molestation for acts perpetrated upon his daughter, B. F., and her friend. French appeals, contending that the trial court erred in denying his motion for issuance of out-of-state subpoenas duces tecum; in denying his motions for continuance; and in excluding evidence of an alleged false report by B. F. that French had kidnapped her and evidence that B. F.'s sister had been molested by her stepfather. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence adduced at trial shows that when B. F., French's biological daughter, was 15 years old and living in Michigan with her mother, she entered a poetry contest and submitted a poem entitled, "A Child's Pain." A teacher who read the poem became concerned based on the poem's content, that B. F. may have been the victim of child molestation. As a result of the teacher's concern, B. F. was interviewed by Michigan social services personnel. During the interviews, B. F. revealed that she had lived with French when she was 11 or 12 years old and that he had in fact molested her. She recounted a specific instance when French entered her bedroom one night and sodomized her by inserting his penis inside of her anus. B. F.'s disclosures launched a police investigation which further led police to A. S., B. F.'s childhood friend.

When A. S. was interviewed, she was living in Florida and had not seen or spoken to B. F. in many years. As soon as police broached the subject with A. S., she began to cry. In a written statement, A. S. disclosed that French had molested her when she attended a slumber party for B. F.'s birthday at French's residence. A. S. recalled that while the others were either sleeping or playing games, she found herself alone with French in his bedroom, with the lights off. As she lay on the bed with French, he sodomized her by inserting his penis inside of her anus. Based upon this evidence, the jury convicted French of two counts of aggravated child molestation.[1]

1. French contends the trial court erred in denying his motion for issuance of subpoenas duces tecum to obtain the "out-of-state school, juvenile, and Department of Family and Children Services (DFACS)

---

[1] Although French does not challenge the sufficiency of the evidence on appeal, it was sufficient to authorize his conviction. OCGA § 16-6-4 (c); *McKinney v. State*, 269 Ga. App. 12, 16 (2) (602 SE2d 904) (2004).

(or corresponding children services department in the states at issue [(California, Florida, and Michigan)]) records of the two victims." We discern no error.

Georgia's Uniform Act to Secure the Attendance of Witnesses from Without the State (the "Act"), OCGA § 24-10-90 et seq., sets forth the procedure for compelling the trial attendance of an out-of-state witness. Additionally, the Act has been construed as providing a mechanism for obtaining a subpoena duces tecum compelling the out-of-state witness to produce specified documents that are necessary and material to the case. See *Wollesen v. State of Ga.*, 242 Ga. App. 317, 321 (3) (529 SE2d 630) (2000). A requesting party, however, does not have an absolute right to obtain out-of-state witnesses or records under the Act. Rather, the Act requires the requesting party to make a "presentation of enough facts to enable both the court in the demanding state and the court in the state to which the requisition is directed to determine whether [there should be compliance with the request]." (Citations omitted.) *Mafnas v. State*, 149 Ga. App. 286, 287 (1) (254 SE2d 409) (1979).

French failed to make such a presentation in this case. A subpoena duces tecum is defined as "[a] subpoena ordering [a] witness to appear and to bring specified documents, records, or things." Black's Law Dictionary (8th ed. 2004). Hence, logic dictates that before a court in the demanding state can issue a certificate requesting the issuance of a subpoena duces tecum from a foreign state, and before the foreign state can issue the requested subpoena duces tecum, the courts must be informed of the specific witness to whom the subpoena is to be directed. Here, however, French's motion failed to identify any specific person, entity, agency, or records custodian who should be directed to produce the requested records. Instead, French's motion included no more than a blanket, generalized request for all of the school, juvenile, and child welfare agency records of the two victims maintained anywhere in California, Florida, and Michigan. As such, the Georgia trial court, as well as the California, Florida, and Michigan courts, would have been made to guess who specifically should be compelled to produce the documents sought by French. In view of that fact, the trial court did not abuse its discretion in denying French's motion.

2. Next, French contends that the trial court erred in denying several motions for a continuance of trial. We disagree.

> A trial court's decision to grant or to deny a continuance will not be disturbed absent abuse of discretion, and the party seeking a continuance must show due diligence. Further, to warrant a reversal on appeal, the appellant must also show that harm resulted from the denial of the continuance.

(Citations, punctuation and footnote omitted.) *In the Interest of R. L. J.*, 285 Ga. App. 887, 890 (648 SE2d 189) (2007).

French argued to the trial court that he needed a continuance in order to secure the attendance of out-of-state witnesses, Vera French and Lazandra Patterson. Inasmuch as both witnesses ultimately appeared and testified at trial, French can not show that he was harmed by the trial court's failure to grant additional time to secure their attendance.

French also argued that he needed additional time to prepare for the witnesses' testimony. The record reflects that French knew of these witnesses and their addresses and telephone numbers for over one year prior to trial. In May 2005, shortly after he was indicted and arraigned, French listed them as defense witnesses in response to the state's discovery demand. The trial did not take place until June 2006, after the case had appeared on at least two previous calendars. French has not shown any reason for his failure to prepare the witnesses during the lengthy period of time in which the case remained pending. Thus, French has not shown that he exercised the requisite due diligence. Under these circumstances, the trial court did not abuse its discretion in denying French's motions for continuance. *Williams v. State*, 231 Ga. App. 123, 123-124 (1) (497 SE2d 660) (1998). See also OCGA § 17-8-22.

3. French claims that the trial court erred in granting the state's motion in limine to exclude evidence that the victim, B. F., had made a prior false claim of kidnapping against him. Because French did not perfect the record with a sufficient proffer of the excluded evidence, we cannot reach the merits of his claim.[2]

> Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort that both courts can know whether the witnesses really exist and that the evidence really exists. The record [must] show . . . what questions were asked or what answers were expected from the witnesses. In the absence of this information, the assignment of error is so incomplete as to preclude its consideration by this court.

(Citations, punctuation and footnotes omitted.) *Wand v. State*, 230 Ga. App. 460, 464 (2) (e) (496 SE2d 771) (1998). See also *Holder v.*

---

[2] We nevertheless note that "[t]he state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury." OCGA § 24-9-68.

*State*, 242 Ga. App. 479, 482 (5) (529 SE2d 907) (2000). Also see *Cobb v. State*, 254 Ga. App. 48, 49 (2) (561 SE2d 124) (2002).

4. Finally, French contends that the trial court erred in granting the state's motion in limine which excluded as irrelevant evidence that B. F.'s stepfather had sexually molested her sister. "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Punctuation and footnote omitted.) *Schneider v. State*, 267 Ga. App. 508, 510 (2) (603 SE2d 663) (2004).

French claims that the excluded evidence was relevant to show that B. F. could have been victimized by the stepfather instead of by French. However, there was no evidence that suggested that B. F. had been molested by her stepfather or any person other than French. Both victims named only French as their molester. As such, the trial court did not err in declining to admit the evidence on this ground. See *Bell v. State*, 235 Ga. App. 825, 826 (510 SE2d 589) (1998); *Burris v. State*, 204 Ga. App. 806, 808-809 (2) (420 SE2d 582) (1992) (trial court properly excluded evidence of an unrelated molestation by a third party when the victim never named the third party as her molester and there was no evidence supporting the defendant's position that the victim was molested or abused by the third party).

French also contended at trial that the evidence was relevant to show that molestation of B. F.'s sister "impacted" B. F.'s allegations in this case. However, because B. F. was 15 years old at the time she disclosed the alleged molestation, it was highly unlikely that B. F. "might be confused and base her testimony on what she learned from prior acts" committed against her sister. *Wilson v. State*, 210 Ga. App. 705, 708 (1) (436 SE2d 732) (1993). And, French has failed to provide any further explanation as to how B. F. might have been "impacted" or improperly influenced by her sister's allegations. Under these circumstances, we find no abuse of discretion by the trial court.[3]

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 6, 2007 —
RECONSIDERATION DENIED DECEMBER 6, 2007.

*Lorenzo C. Merritt*, for appellant.

---

[3] French also urged that the evidence was admissible to rebut certain evidence admitted at trial, but French did not urge this reason for admission of the evidence at trial. We therefore need not address it on appeal. *Estep v. State*, 238 Ga. App. 170, 172-173 (2) (518 SE2d 176) (1999).

*Tom Durden, District Attorney, Mark A. Hendrix, Cris E. Schneider, Assistant District Attorneys*, for appellee.