[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15385

_____

D.C. Docket No. 4:10-cv-00141-BAE-GRS

EUGENE FRENCH,

Petitioner-Appellant,

versus

WARDEN, WILCOX STATE PRISON,
ATTORNEY GENERAL, STATE OF GEORGIA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 23, 2015)

Before MARTIN and ANDERSON, Circuit Judges, and MORENO,* District
Judge.

ANDERSON, Circuit Judge:

_____

*Honorable Federico A. Moreno, United States District Judge for the Southern District of
Florida, sitting by designation.

Eugene French appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. French argues that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution because his trial counsel failed to proffer evidence that one of his alleged victims had falsely accused him of kidnapping. His attorney's failure to perfect the record for appeal caused the Georgia Court of Appeals to decline to address the issue. French also asserts that the trial court's exclusion of this evidence and prohibition of cross-examination with respect thereto violated his rights under the Confrontation Clause of the Sixth Amendment and, relatedly, that counsel was ineffective in failing to raise the Confrontation issue on direct appeal.

## I. BACKGROUND

This case arises from French's convictions for molesting his daughter, B.F., and her friend, A.S. The Georgia Court of Appeals summarized the facts as follows:

> [W]hen B.F., French's biological daughter, was 15 years old and living in Michigan with her mother, she entered a poetry contest and submitted a poem entitled, "A Child's Pain." A teacher who read the poem became concerned based on the poem's content, that B.F. may have been the victim of child molestation. As a result of the teacher's concern, B.F. was interviewed by Michigan social services personnel. During the interviews, B.F. revealed that she had lived with French when she was 11 or 12 years old and that he had in fact molested her. She recounted a specific instance when French entered her bedroom one night and sodomized her by inserting his penis inside of her anus. B.F.'s disclosures launched a police investigation which further led police to A.S., B.F.'s childhood friend.

2

> When A.S. was interviewed, she was living in Florida and had not seen or spoken to B.F. in many years. As soon as police broached the subject with A.S., she began to cry. In a written statement, A.S. disclosed that French had molested her when she attended a slumber party for B.F.'s birthday at French's residence. A.S. recalled that while the others were either sleeping or playing games, she found herself alone with French in his bedroom, with the lights off. As she lay on the bed with French, he sodomized her by inserting his penis inside of her anus.

French v. Georgia, 655 S.E. 2d 224, 225 (Ga. App. Ct. 2007).

At trial, French's chief theory of defense was that B.F.'s mother, with whom he had once been romantically involved, pressured B.F. to fabricate allegations of molestation to extort money from French. In support of this theory, French's attorney (hereinafter referred to as "attorney") attempted to introduce evidence that B.F. had falsely accused him of kidnapping her. Before trial, the prosecutor filed a motion in limine to prevent French from mentioning the false kidnapping accusation. Although the prosecutor acknowledged that the false accusation may have occurred, the trial court granted the prosecutor's motion, ruling that a prior false accusation cannot be used to impeach a victim. The attorney did not proffer any evidence of the incident to the court and did not raise the issue during trial. French was subsequently convicted of two counts of aggravated child molestation (one with respect to B.F. and one with respect to A.S.) and sentenced to concurrent sentences of twenty years' imprisonment.

French appealed his conviction to the Georgia Court of Appeals. French

was still represented on direct appeal by the same attorney. He argued, among other things, that the trial court erroneously excluded the evidence of B.F.'s false kidnapping accusation. French, 655 S.E.2d at 227. Although the appellate court observed that "[t]he state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury," it ultimately concluded that it could not reach the merits of French's claim because the attorney "did not perfect the record with a sufficient proffer of the excluded evidence." Id. at 227, n.2. The court expounded on the attorney's error, observing that

> [w]here the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort that both courts can know whether the witnesses really exist and that the evidence really exists. The record [must] show . . . what questions were asked or what answers were expected from the witnesses. In the absence of this information, the assignment of error is so incomplete as to preclude its consideration by this court.

Id. at 228 (citation omitted).

After the Georgia Court of Appeals denied the attorney's motion for reconsideration, French filed a pro se state habeas petition, raising various claims of ineffective assistance of counsel. In pertinent part, French asserted that his attorney provided ineffective assistance by failing to make a sufficient proffer of the false kidnapping accusation.

An evidentiary hearing was held, at which French tried to introduce "a few

4

affidavits" pertaining to an unspecified matter.  The State objected to the introduction of the affidavits on the basis that French had not given proper notice of the affidavits pursuant to O.C.G.A. § 9-14-48(c),[1] thus preventing the State from calling the witnesses for cross-examination.  French then requested that the court leave the record open for thirty days in order to submit the affidavits.  The State objected, stating that would not resolve the problem; namely, its ability to cross-examine the affiants.  When the State asked French if he was asking for a continuance, he affirmatively rejected that position and instead reiterated his question: "What I'm asking is if the record is left open and I provide counsel copies of these affidavits would that facilitate the requirement?"  The court responded, "No it will not."  After the attorney testified, and at the conclusion of the hearing, French, without reference to the earlier unsuccessful attempt to introduce affidavits, requested that the court leave the record open for thirty days "[t]o submit supporting documentation."  The court granted French's request and directed him to send a copy of his supporting documentation to the Attorney General's office.

The state habeas court denied French's petition.  After holding that French's several claims of trial court error were procedurally barred, the habeas court

---

[1]    "If sworn affidavits are intended by either party to be introduced into evidence, the party intending to introduce such affidavits shall cause it to be served on the opposing party at least ten days in advance of the date set for a hearing in the case."  O.C.G.A. § 9-14-48(c).

addressed French's ineffective assistance of counsel claims. The state habeas court fully adopted the attorney's testimony, and concluded that French "failed to establish that counsel was in any way deficient or unreasonable in his representation" at trial. In the crucial holding for purposes of the issues before us, the state habeas court held that French failed to show a reasonable likelihood that the attorney's performance affected the outcome of French's case. The Georgia Supreme Court denied French's application to appeal the denial of his petition.

French, proceeding pro se, timely filed the instant federal habeas corpus petition in the Southern District of Georgia. Initially, the magistrate judge issued a report and recommendation directing further briefing from the State, "particularly on the issue [of] whether an evidentiary hearing is warranted to adduce the evidence [the attorney] failed to proffer, and to also show why the state habeas judge's ruling is not '§ 2254(d) unreasonable.'" French v. Carter, 828 F. Supp. 2d 1309, 1343 (S.D. Ga. 2012). In particular, the magistrate judge expressed concern that "in ruling against French [the state habeas court] . . . simply rehashed [the attorney's] own testimony about his general, trial preparation efforts, and did not discuss any testimony or evidence on th[e] particular claim" with respect to the attorney's failure to perfect the record. Id. at 1341.

After briefing, the magistrate judge declined to hold an evidentiary hearing or consider the additional affidavits because "French failed to perfect the record

6

before the state habeas court in much the same way that he faults [his attorney] for failing to perfect it at trial." French v. Carter, No. CV410-141, 2012 WL 3757556, at *2 (S.D. Ga. Aug. 16, 2012), report and recommendation adopted, No. CV410-141, 2012 WL 4585847 (S.D. Ga. Oct. 2, 2012).  Further, the magistrate judge concluded that French failed to satisfy either the performance prong or prejudice prong of Strickland v. Washington.[2]  As to the prejudice prong, the magistrate judge noted that French received the same twenty-year concurrent sentence with respect to A.S., and that nothing in the record suggests that the jury's verdict with respect to A.S. was tainted by B.F.'s testimony.  Id. at *4.  Applying the deferential § 2254(d)(1) standard, the magistrate judge found against French on the prejudice prong.  Id.

The district court adopted the magistrate judge's recommendation, and French timely appealed that order.  We appointed counsel on appeal.

## II.  STANDARD OF REVIEW

We review de novo the district court's denial of federal habeas relief. Peterka v. McNeil, 532 F.3d 1199, 1200 (11th Cir. 2008).  However, our review of the state habeas court's decision is constrained by § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "imposes a highly deferential standard for evaluating state court rulings and demands that state-court

---

[2]     466 U.S. 668, 104 S. Ct. 2052 (1984).

decisions be given the benefit of the doubt." Bishop v. Warden, GDCP, 726 F.3d 1243, 1253 (11th Cir. 2013), cert. denied, ___ U.S. ___, 135 S. Ct. 67 (2014) (internal quotation omitted).  Pursuant to the AEDPA, this Court is prohibited from granting relief if a state court has adjudicated a claim on the merits unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings," id. §2254(d)(2).

### III.  MOTION TO SUPPLEMENT THE RECORD OR REMAND

To address the merits of this petition, we must first clarify the scope of our review in light of French's "Motion to Supplement the Record on Appeal or, in the Alternative, for Remand for Evidentiary Hearing."  Therein, French asks us to admit five affidavits that pertain to B.F.'s false kidnapping accusation.  Alternatively, French requests a limited remand for the district court to hold an evidentiary hearing on whether he diligently sought to perfect the state habeas record.  [While we initially granted French's request to supplement the record, we now vacate that order.

French concedes that the state habeas record does not include the affidavits. In Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388 (2011), the Supreme Court

held that, even in a case in which a habeas petitioner can satisfy the requirements of 28 U.S.C. § 2254(e)(2)[3] with respect to obtaining an evidentiary hearing in federal court, the § 2254(d)(1) review by the federal court nevertheless must be based on the state court record.  See id. at ___, 131 S. Ct. at 1400 ("If a claim has been adjudicated on the merits by state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.");  see also Landers v. Warden, 776 F.3d 1288, 1295 (11th Cir. 2015) (We cannot consider evidence that was not before the state court in evaluating the merits of a claim unless a petitioner first "demonstrate[s] a clearly-established federal law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record.").  It is undisputed in this case that the state habeas court did in fact adjudicate the merits of French's ineffective assistance of counsel claims—both with respect to the performance prong and the prejudice prong of Strickland.  It is also undisputed that, although French attempted to introduce a few affidavits, the state habeas court ruled that French had failed to provide the required ten-day notice prior to the evidentiary hearing, thus precluding the State from calling the witnesses and subjecting them to cross-examination.  French expressly denied requesting a continuance, but did request

---

[3]    In light of our holding, we need not address whether French could satisfy the demanding requirements of § 2254(e)(2).

9

that the court leave the record open for thirty days so he could submit the affidavits, asking the court if that would cure the notice problem. The habeas court ruled that it would not cure the problem. Finally, it is undisputed that the affidavits were not in the state habeas court record, and that the state habeas court denied French's ineffective assistance of counsel claims on the merits without the benefit of the affidavits. Under Pinholster, our § 2254(d)(1) review must be conducted on the basis of the record that was before the state habeas court when it adjudicated the merits of French's ineffective assistance of counsel claims. See ___ U.S. at ____, 131 S. Ct. at 1399 ("Our cases emphasize that review under § 2254(d)(1) focuses on what a state court knew and did.") Accordingly, French's motion to supplement the record must be denied.

For the same reasons, French's alternative motion to remand for an evidentiary hearing in federal court is denied. Any evidence from such an evidentiary hearing would have "no bearing on [our] § 2254(d)(1) review." Id. at ___, 131 S. Ct. at 1400.

Accordingly, we now turn to French's arguments on appeal.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

French contends his trial and appellate attorney was ineffective because he failed to perfect the record for appeal, thereby defaulting French's claim that B.F.'s

10

false kidnapping accusation was wrongfully excluded.[4]  Ineffective assistance of counsel claims, even when reviewed de novo, present substantial hurdles to petitioners who must prove both that counsel's performance was deficient and the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  To prove deficient performance, the petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment.  Id.  The proper measure of attorney performance is reasonableness under prevailing professional norms, and judicial scrutiny is highly deferential.  Id. at 688, 104 S. Ct. at 2065.  There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance.  Id.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694, 104 S. Ct. at 2068.  A reasonable probability is one sufficient to undermine confidence in the outcome, and it is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding.  Id. at 693, 104 S. Ct. at 2067.  In short,

---

[4]    In addition to his claim with respect to the attorney's failure to perfect the record, French claims that he received ineffective assistance of counsel because the attorney's failure to cross-examine B.F. with regard to the false kidnapping accusation fatally undermined his defense. Because we find that French has failed to establish prejudice with respect to the actual evidence of the false accusation, this claim is likewise unavailing.

"[c]ounsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Harrington v. Richter, 562 U.S. 86, 104, 131 S. Ct. 770, 787-88 (2011) (internal quotation omitted). "Surmounting Strickland's high bar is never an easy task." Id. at 105, 131 S. Ct. at 788 (internal quotation omitted). However, when a state court has already ruled on the merits of an ineffective assistance of counsel claim, as occurred in this case, the petitioner's burden of

> [e]stablishing that [its] application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so. . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Id.

In short, AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists would disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Id. at 102, 131 S. Ct. at 786. Moreover, as noted above, a federal court's § 2254(d)(1) review is based solely on the record before the state court that adjudicated the claim on the merits. See Pinholster, ___ U.S. at ___, 131 S. Ct. at 1399.

12

Similarly, under § 2254(d)(2), "[t]he question . . . is not whether the federal court believes the state court's decision was incorrect but whether the determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473, 127 S. Ct. 1933, 1939 (2007). "[T]he Supreme Court has found state factual findings unreasonable under § 2254(d)(2) when the direction of the evidence, viewed cumulatively, was too powerful to conclude anything but [the petitioner's factual claim] . . . and when a state court's finding was clearly erroneous." Landers v. Warden, 776 F.3d 1288, 1294 (11th Cir. 2015) (internal quotations omitted). In accordance with Wiggins v. Smith, 539 U.S. 510, 123 S. Ct. 2527 (2003), we consider the reasonableness of the state habeas court's factual determinations separately with respect to each of Strickland's prongs. Id. at 534, 123 S. Ct. at 2542.

Consequently, "it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Johnson v. Sec'y Dep't of Corr., 643 F.3d 907, 911 (11th Cir. 2011). In the "rare case" a petitioner meets this high standard, we conduct a de novo review, without deference to the state court's decision. Jones v. Walker, 540 F.3d 1277, 1288 (11th Cir. 2008) (en banc).

## A.

We begin with Strickland's performance prong. The state habeas court held

13

that French "failed to establish that counsel was in any way deficient or unreasonable in his representation," citing the attorney's general testimony that he "did 'all the customary things' that he felt one should do in a case of such nature . . . . He testified that ultimately the case was fully investigated, comprehensive, and prepared for trial." French contends that this conclusion was based on an unreasonable determination of the facts because the attorney's failure to proffer evidence of the false kidnapping accusation precluded appellate review. We agree.

The procedure for introducing impeachment evidence is "well settled" under Georgia law: "there must have been a proffer or offer of a definite sort that both courts can know whether the witnesses really exist and that the evidence really exists." Wand v. State, 496 S.E.2d 771, 775 (Ga. Ct. App. 1998) (quoting Thompson v. State, 369 S.E.2d 523, 524 (Ga. Ct. App. 1988)) (internal quotation marks omitted); see also Dent v. State, 469 S.E.2d 311, 313 (Ga. Ct. App. 1996) (declining to review admissibility issue because "it [was] clear from [the record] that defendant made no proffer of the substance of any 'admission' purportedly admissible against [the] non-party witness"). The attorney's failure to follow this clear procedural requirement constitutes deficient performance.

As noted above, the Georgia Court of Appeals on direct appeal refused to consider whether the trial court erred in excluding evidence of B.F.'s prior false accusation because the attorney failed to perfect the record by way of a proffer.

14

French, 655 S.E.2d at 227.  In the state habeas proceedings, French repeatedly argued that he had received ineffective assistance of counsel because the attorney failed to proffer evidence of the prior false accusation, thus precluding a successful appeal with respect to that issue.  For example, French asked the attorney during his testimony:  "Did you recognize the point that defense has to request a hearing to have the information, the false allegations, admitted during trial?", and "did you follow the procedures for preferring [sic] evidence?"  However, the attorney simply responded that he "followed the procedure that is outlined."

The state habeas court made an unreasonable determination of the facts when it simply accepted the attorney's testimony that he "went through the proper procedures."  When the attorney decided to introduce the false kidnapping accusation, he was required to follow the clearly-established state law procedures to preserve that evidence for appellate review.  This mistake of law cannot be equated to a simple strategic misstep.  See Hinton v. Alabama, ___ U.S. ___, ___, 134 S. Ct. 1081, 1088 (2014) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under Strickland."); see also Kimmelman v. Morrison, 477 U.S. 365, 385, 106 S. Ct. 2574, 2588 (1986) (finding deficient performance in part because "[c]ounsel's failure to request discovery . . . was not based on 'strategy,' but on counsel's mistaken beliefs that

15

the State was obliged to take the initiative and turn over all of its inculpatory evidence to the defense"). Accordingly, we conclude that French has satisfied Strickland's performance prong.

## B.

Having determined that the attorney's performance was deficient, we must now decide whether his actions prejudiced French's defense. "When a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." Davis v. Sec'y for Dep't of Corr., 341 F.3d 1310, 1316 (11th Cir. 2003) (per curiam); see also Eagle v. Linahan, 279 F.3d 926, 943 (11th Cir. 2001) ("If we conclude that the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial because it affected the outcome of the appeal."). In other words, we must determine whether French had a reasonable likelihood of securing a new trial if the attorney had properly preserved the evidence of B.F.'s false kidnapping accusation.

The state habeas court held that French "failed to show . . . a reasonable likelihood that but for counsel's alleged errors the outcome of [his] case would have been significantly different." Applying § 2254(d)(1), we cannot conclude

16

that the state habeas court's ruling was an unreasonable application of Strickland. French has not demonstrated that the state court's analysis of the prejudice prong was contrary to clearly established Supreme Court precedent or factually unreasonable based on the evidence presented in the state court proceedings. There is simply no evidence in the record of the fact of the prior false accusation or the testimony that cross-examination would have elicited which can be weighed on French's side to find there is a reasonable probability of a different result on appeal.  In fact, the Georgia Court of Appeals knew from the discussion at the motion in limine hearing before the trial judge that the prosecutor's understanding of the alleged prior false accusation involved French's keeping B.F. longer at his house than she was supposed to be there, and the authorities in Lawrenceville were called.  Indeed, French's brief on direct appeal quoted the relevant colloquy from the hearing on the motion in limine.  However, the Georgia Court of Appeals concluded that it did not have enough information about the substance of that accusation to even entertain the merits of that evidentiary issue on direct appeal.  In that crucial holding, the state appellate court concluded that this meager information was insufficient to warrant reversal and a new trial.

The problem that French faces before this Court is that we have no more information about the substance of B.F.'s accusation against French than did the Georgia Court of Appeals.  Because French failed at the evidentiary hearing in the

17

state habeas court to get before the habeas court the five affidavits pertaining to B.F.'s false accusation (or other evidence of significance relating to the substance thereof), the state habeas court had no more information about B.F.'s accusation than did the Georgia Court of Appeals on French's direct appeal. With that meager information, the state habeas court held that French had "failed to show that there existed a reasonable likelihood that, but for counsel's alleged error, the outcome of petitioner's case would have been significantly different."

The issue before us is whether that holding of the state habeas court—i.e., that French failed to satisfy the prejudice prong of Strickland—was an unreasonable application of Strickland. See § 2254(d)(1). And, pursuant to Pinholster, our review is "limited to the record that was before the state court that adjudicated the claim on the merits." ___ U.S. at ___, 131 S. Ct. at 1398. Just like the state habeas court, we have no more information about the substance of B.F.'s accusation against French than did the Georgia Court of Appeals on French's direct appeal. We cannot conclude that the ruling of the state habeas court was an unreasonable application of Strickland pursuant to § 2254(d)(1). The state habeas court had precisely the same information that the Georgia Court of Appeals had, so we cannot conclude that there is a reasonable probability that the result in the Georgia Court of Appeals on direct appeal would have been different. Accordingly, we certainly cannot conclude that the ruling of a state habeas court to

18

the same effect was an unreasonable application of the Strickland prejudice prong

pursuant to § 2254(d)(1).[5]

## V.  CONFRONTATION CLAUSE

Finally, French contends that the trial court's exclusion of the false

kidnapping accusation and the trial court's ruling prohibiting cross-examination

with respect thereto violated his rights under the Confrontation Clause of the Sixth

Amendment[6] and, relatedly, that the attorney was ineffective in failing to raise the

issue on direct appeal.[7] These claims are procedurally barred.

These claims are procedurally barred because French did not fairly present

them to the state habeas court.  The "fair presentation" requirement is designed to

ensure that state courts have the opportunity to hear all claims.  Picard v. Connor,

---

[5]    In light of our holding, we need not address the holding of the magistrate judge that the state habeas court ruling is not unreasonable because French received the same concurrent twenty-year sentence for his conviction with respect to A.S.

[6]    As the Supreme Court explained in Delaware v. Van Arsdall, 475 U.S. 673, 106 S. Ct. 1431 (1986),

> [A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby to expose to the jury the facts from which jurors could appropriately draw inferences relating to the reliability of the witness.

Id. at 680, 106 S. Ct. at 1436.

[7]    Ineffective assistance of counsel for failure to raise a Confrontation Clause claim on direct appeal cannot succeed for two reasons: first, it was raised for the first time in the counseled brief on appeal to us; and second, the claim was not fairly presented to the state habeas court, as addressed below.

19

404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). Accordingly, federal courts require a petitioner to present his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." Kelley v. Sec'y Dept. of Corr., 377 F.3d 1317, 1344-45 (11th Cir. 2004). As this Court has observed, a petitioner cannot "scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Id. at 1345 (internal quotation omitted).

Although it is difficult to "pinpoint the minimum requirements that a habeas petitioner must meet in order to exhaust his remedies," it is clear that French's pleadings did not meet this threshold. See McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005); see, e.g., Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1352 (11th Cir. 2012) ("Simply referring to a 'constitutional right of confrontation of witnesses' is not a sufficient reference to a federal claim . . . ."). French mentioned the word "confrontation" only one time in his state habeas petition, and this mention was buried in a paragraph claiming that French's appellate counsel was ineffective for failure to assert judicial bias. The relevant paragraph stated as follows:

> 5) Appeal counsel failed to assert trial judge judicial bias for denying
> defense to present evidence of false allegations. TT, VLI, PG 6-8

> Trial judge denied defense to present evidence of prior false allegations after determining falsity exists and stating evidence was admissible, thereby prejudicing defendant, denying his right of <u>confrontation</u>, and right to a full defense.  Trial counsel admitted to judges bias in habeas corpus hearing.

> Before admitting evidence of prior false accusations trial court, outside the presence of the jury, must determine "that a reasonable probability of falsity exists." <u>Ellison v. State</u>, 198 Ga. App. 75, 400 S.E.2d 360, 361 (1990)

> <u>Ellison v. State</u>: Trial court erred in refusing to admit evidence of prosecutrix's prior false allegations after falsity was proved

> Under canon 3C(1)(A) of GA Code of Judicial Conduct, a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where he has a personal bias or prejudice concerning a party.  <u>Mann v. State</u>, 154 Ga. App. 677(1), 269 S.E.2d 863

Not only was the bare mention of the word "confrontation" buried in a paragraph addressing judicial bias, but French cited only <u>Ellison v. State</u>, 400 S.E. 2d 360 (Ga. App. Ct. 1990), which only discusses Georgia's specific procedure for admitting evidence of prior false allegations.  <u>Id.</u> at 361.  Similarly, in an entirely separate part of his state habeas petition, French referenced the Sixth Amendment in a passing citation, tacking it onto his general assertion that "counsel must make an effort to investigate the obvious."  These bare statements and authority would not have alerted the state habeas court to the particular claims French now advances.  Because French did not fairly present these claims to the state habeas court, they are not exhausted and are now procedurally barred.  French has not

21

attempted to show cause and prejudice to excuse this procedural bar.  Accordingly, we cannot consider these claims on appeal.

## VI.  CONCLUSION

In sum, although we conclude that the attorney's performance was deficient, we cannot conclude that French has overcome the § 2254(d)(1) deference we owe to the state habeas court's holding that French failed to surmount the prejudice prong of Strickland.  Thus, French is not entitled to relief on this ineffective assistance of counsel claim.  Because French has not satisfied his burden under § 2254(d)(1) on the record before the state habeas court, his motion to supplement the record or, alternatively, for a limited remand, is denied.  Finally, French's Confrontation Clause claims are procedurally barred.  For the foregoing reasons,[8] the judgment of the district court is

AFFIRMED.

---

[8]    Any other claims asserted by French on appeal to us are rejected without need for further discussion.

MARTIN, Circuit Judge, concurring:

This is the kind of case that keeps me up at night.  I have a real question, based on the record I have reviewed here, about whether Eugene French actually committed the awful crime for which he is now imprisoned.  And every member of this panel agrees that there were problems with the process that resulted in his conviction.  To begin, his trial lawyer was ineffective.  See Panel Op. 15.  At trial, that lawyer tried to introduce evidence that Mr. French's alleged molestation victim previously and falsely accused Mr. French of kidnapping her.  That evidence was vital to raising doubts about the credibility of the victim—the State's star witness—and it should have been admitted under Georgia's evidentiary rules.  The trial court made a mistake when it excluded that evidence, and Mr. French's lawyer was ineffective in his efforts to preserve the issue for appeal.  Yet because of the myriad procedural hurdles that exist in Georgia and federal courts on post-conviction review, we cannot address the merits of Mr. French's case.

At bottom, the outcome of this appeal turns on whether we can consider a set of affidavits describing the victim's earlier false accusation against Mr. French.  For instance, in an affidavit Mr. French tried to file on state and federal habeas review, the victim's aunt (sister of the victim's mother) testified that the victim was repeatedly told by her mother to fabricate charges against Mr. French.  According to that aunt, on the same night the victim first accused Mr. French of

23

molestation, the victim called 911 from Mr. French's home and falsely alleged that Mr. French had kidnapped her. Once police arrived, the victim told them her mother had directed her to make the call. Once they left, the aunt claims that the victim said "her mother forced her to make the false allegation of kidnapping to the police," that "her mother persistently compelled her to say that [Mr. French] molested her," and that the victim "denied being molested by [Mr. French] at any time and said her mother was doing this because [the mother] wanted money from [Mr. French]." This evidence could only have served to undermine the State's case.

Notwithstanding the obvious relevance and import of these affidavits to showing the prejudice caused by counsel's ineffectiveness, however, the affidavits did not make it into the state habeas record. Following his direct appeal, Mr. French filed a handwritten, pro se petition. State law does not entitle him to be represented by counsel in his habeas action. See Gibson v. Turpin, 513 S.E.2d 186, 187 (Ga. 1999). But the petition he wrote and filed claimed—correctly, as today's majority has found—that he received ineffective assistance of counsel. In light of his complete lack of legal training, Mr. French was an extraordinary advocate for himself, except that he made one minor, but now decisive, error. At the evidentiary hearing before the state habeas court, Mr. French tried on his own to introduce the affidavits detailing the victim's false kidnapping claim. The State

24

objected to Mr. French's submission, arguing that he failed to serve the affidavits on the state prior to the hearing as required by O.C.G.A. § 9-14-48(c). The state habeas court—correctly, I think—told Mr. French that he could not cure these notice problems with any further submissions. Thus, although he made the claim that his counsel was ineffective for failing to proffer evidence of the prior false accusation at trial, Mr. French did not get the actual evidence of the accusation into the state habeas record.

That seemingly insignificant procedural error has now metastasized into a roadblock prohibiting all federal habeas relief. After all, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, ___, 131 S. Ct. 1388, 1398 (2011). And we cannot question the state habeas court's application of § 9-14-48(c) to prevent Mr. French's good-faith attempt to enter the affidavits into the state habeas record. See Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997) ("[S]tate courts are the final arbiters of state law."). Our hands are therefore tied by procedure and we must turn a blind eye to the merits of the case.

Although the majority is right on the law, the result is troubling. It is an "obvious truth" that "any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." Gideon v. Wainwright, 372 U.S. 335, 344, 83 S. Ct. 792, 796 (1963). So too is every

criminal defendant assured counsel at his "first appeal, [when] granted as a matter of right to rich and poor alike, from a criminal conviction." Douglas v. California, 372 U.S. 353, 356, 83 S. Ct. 814, 816 (1963) (citation omitted). But on collateral review—the first time a prisoner can challenge his counsel's ineffectiveness[1]—it is commonplace and accepted that he must proceed without counsel. Thus, many fail to put forth coherent or colorable claims at all. Even when a petitioner is uncommonly skilled like Mr. French, it is still no wonder that he missed one of the scores of procedural rules that can stand as impediments to relief. Of course I recognize that these impediments serve purposes. § 9-14-48(c) for instance is intended to prevent parties from springing affidavits on opposing parties without advance notice. My quarrel is not with the rule itself, but with our insistence that petitioners know and follow each and every rule without any legal assistance in their efforts to obtain relief on even the most persuasive claim.

Finally, being a lifelong citizen of the State of Georgia, I like to think of my State as striving to be on the right side of truth and justice. But from the pretrial hearing nine years ago to this appeal today, the State has sought to exclude the evidence of Mr. French's victim's prior false allegations against him. And to what

---

[1] "Because an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness, claims of ineffective assistance of counsel are often properly raised for the first time in a habeas corpus petition." White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991).

26

end?  Those affidavits are a critical part of the story undergirding this prosecution. The State—in its search for the correct outcome, not merely a successful conviction—should want that evidence aired in court.  But without any judge or jury having considered what the testimony contained in the affidavits means about whether Mr. French is guilty or innocent, I continue to have doubts about whether he committed the crimes of which he was convicted and for which he is serving a twenty-year sentence.  In the end, however, Mr. French's case is decided by our precedent, so I concur in the panel's opinion.